## CORNELIUS ORRILL v. A. G. TALBOTT.

VENDOR'S LIEN.—In a suit on a note given for a sum certain, with no stipulation as to interest or the character of money in which it was payable, it was alleged that the note was given for the purchase-money of a tract of land on which the enforcement of a vendor's

lien was claimed, and that "it was the understanding and agreement" that the note was to be paid in gold or silver coin and was to draw ten per cent. interest. On appeal from a judgment for gold with ten per cent. interest and enforcing the lien, there being no statement of facts and no action below shown on a demurrer to the petition : *Held*, That there was no error in the judgment below, because, 1st. Though the pleading was defective in the allegations relating to the parol agreement to pay coin and interest, in the absence of a statement of facts the court will presume that evidence was admitted to aid the allegations. 2d. There being no ruling on defendant's demurrer, it must be considered as waived. 3d. The petition does not allege that the promise to pay coin was contemporaneous with the execution of the note, nor negative the fact that there was consideration to support the promise; and without a statement of facts, or exceptions taken in time in some form, this court will presume that the proper evidence was before the court to sustain the judgment.

ERROR from Titus. Tried below before the Hon. M. L. Crawford.

There was nothing in the charge of the court or the verdict which in terms indicated that the promise to pay coin and ten per cent. interest was for a consideration, or subsequent to the execution of the note. There was no statement of facts, no objection shown to the evidence, no charges asked by defendant below, and no motion for new trial.

*Turner & Turner*, for plaintiff in error, cited Leer & Hucherson v. Sutherland, 36 Tex., 151 ; Rockmore v. Davenport, 14 Tex., 602 ; Neill v. Newton, 24 Tex., 202 ; Anding v. Perkins, 29 Tex., 348 ; Higginbotham v. The State, 23 Tex., 574 ; Hollingsworth v. Holshousen, 17 Tex., 43 ; Earle v. Thomas, 14 Tex., 583.

*George T. Todd,* for defendant in error, contended that the allegations of the petition permitted evidence that the agreement to pay gold and ten per cent. interest was subsequent and not contemporaneous with the execution of the note.

REEVES, ASSOCIATE JUSTICE.—This suit was brought by the

defendant in error to recover the balance due on a promissory note, given by the plaintiff in error and payable to the defendant in error, for the sum of four hundred and forty dollars, being the purchase-money for a house and lot in "Gray Rock," as stated in the note, and to enforce the vendor's lien by a sale of the property.

The note was given for the payment of four hundred and forty dollars generally, without any stipulation for interest. The plaintiff in his petition avers "that it was the understanding and agreement by and between petitioner and defendant that the sum mentioned in said note was to be paid by defendant in gold or silver coin of the United States of America, and that the same was to draw ten per cent. interest per annum from maturity until paid." A judgment was rendered for the plaintiff, on the verdict of a jury, for the sum of three hundred and twenty-seven dollars and twenty-seven cents in gold or silver coin, and the house and lot were ordered to be sold in payment of the judgment. From this judgment the defendant, Orrill, prosecuted a writ of error.

The first error assigned is that the verdict of the jury is excessive.

The balance due on the note, computing the interest at ten per cent., as shown by the verdict and judgment, is three hundred and twenty-seven dollars and twenty-seven cents, being thirty-seven dollars and twenty-one cents in excess of the amount for which it is contended the judgment should have been rendered, allowing interest at the rate of eight per cent. Whether, therefore, the judgment is erroneous or not depends upon the rate of the interest the plaintiff was entitled to recover, or in other words whether the principal should bear interest at the rate of ten per cent. or eight per cent. from the maturity of the note. The other assignments of error embracing this one will be considered together.

The plaintiff in error insists that the jury erred in re-

turning a verdict for gold or silver coin with ten per cent. interest, and that the court erred in rendering judgment on the verdict when the note, which was the foundation of the action, did not specify gold or silver dollars, and that the verdict was not supported by the pleadings.

The counsel for the plaintiff in error refers to the case of Leer and Hutcherson *v.* Southerland, 36 Tex., 151. The facts of this case are not fully stated. The court said the judgment should not have been entered for coin on a note that did not call for the payment of coin. There was no allegation of any agreement for payment in coin as there was in the present case. It is, however, objected that the agreement as alleged in the petition was in parol and contemporaneous with the execution of the note, and that it materially varied the terms of the note and its legal effect, and was therefore void, citing the case of Rockmore *v.* Davenport, 14 Tex., 602. In this case the defendant pleaded that it was originally agreed at the time of drawing the bill that the defendant should not be called on for payment until the time stipulated. The plea was stricken out on motion of the plaintiff, the court saying the plea was bad, for the reason that it proposed to vary by oral evidence the legal effect of a contract in writing. The rule announced in this case is well settled. But does it apply to the present case? As a pleading the petition was defective in the allegation relating to the agreement. It should have been shown by averment when the agreement was made, and if it was subsequent to the giving of the note and was a new and independent contract, it should have been so averred, with a consideration to support it. Still it does not follow that evidence may not be admitted to aid and support a defective allegation when it is not excepted to and when there is no objection to the evidence. The defendant appealed and answered by a general demurrer to the sufficiency of the petition, and by a general denial of the plaintiff's allegations. There was no ruling on the

demurer, and it must therefore be considered as waived. No objection is shown to have been made to evidence. No charge was asked by defendant. There was no motion for a new trial, and no statement of facts. As the case is presented by the record we cannot say that the court erred in the charge to the jury, or that the jury erred in finding upon the agreement alleged in the petition as being against evidence. The judgment is therefore affirmed.

AFFIRMED.