W. J. LEMP v. J. ARMENGOL ET AL.

No. 133.

**Guaranty—Construction.**

Parties executed the following guaranty: "Know all men by these presents, that we, * * * in consideration of goods sold and to be delivered to A. E. Krempkau, of city of Laredo, by William J. Lemp, * * * do hereby guarantee full payment to said Lemp of the value of all goods sold and delivered since the first day of March, 1889, or that may be hereafter sold and delivered to said Krempkau, not to exceed, however, the sum of $3000." Executed March 25, 1889. Goods to amount of over $8000 at various times had been sold by Lemp to Krempkau, and there remained unpaid a balance of $1304.60, for which suit was brought upon the guaranty. Payment was resisted upon alleged ground that the guaranty only extended to the amount of $3000 of goods.

*Held:* 1. The meaning not being evident whether the limitation, "not to exceed, however, the sum of $3000," qualified the words *full payment,* or *value,* it was a case proper to resort to parol evidence for the construction of the instrument ................................. 692·

2. Circumstances and declarations are competent to show the nature of the contemplated transaction evidenced by a written contract...... 693·

3. Testimony tending to show the intention of the parties appearing in the findings of fact by the trial court on issue of fraud, such condition of the record does not prevent the application of the rule, that in absence of a statement of facts it will be presumed, on appeal, that all facts necessary to support the judgment were proved, and that such facts had been adduced in support of the judgment for the plaintiff on the guaranty ...|.......... .. ........................................ 693·

4. Delivery and acceptance of the guaranty did not need testimony other than the contents of the paper ............................... 693·

ERROR to Court of Civil Appeals for Fourth District, in an appeal from. Webb County.

*J. O. Nicholson* and *Thomas W. Dodd,* for plaintiff in error, cited: Crittenden v. Fisk, 46 Mich., 70; Douglas v. Reynolds, 7 Pet., 113; Scott v. Myatt, 60 Am. Dec., 487; Haldeman v. Chambers, 19 Texas, 48; Gardner v. Watson, 76 Texas, 25; Bank v. Peck, 65 Am. Dec., 238; Menard v. Scudder, 56 Am. Dec., 612; Low v. Beckwith, 58 Am. Dec., 662; Smith. v. Van Wyck, 40 Mo. App., 522; Sherburn v. Paper Co., 111 Ill., 383; Conduitt v. Ryan, 29 N. E. Rep., 160; 1. Greenl. on Ev., secs. 282, 283..

*E. A. Atlee* and *F. B. Earnest,* for defendants in error, cited: Brandt. on Sure. and Guar., secs. 135, 136, 168, 169; 9 Am. and Eng. Encycl. of Law, 79; Smith v. Montgomery, 3 Texas, 199; McRea v. McWilliams, 58 Texas, 328; Johnston v. Mills, 25 Texas, 704; Sayles' Civ. Stats., arts. 3660, 3661; Henderson v. Railway, 17 Texas, 560; Morgan v. Boyer, 39·

Ohio St., 324; Tootle v. Elgutter, 14 Neb., 158; Mason v. Pritchard, 12 East., 227; Merle v. Wells, 2 Camp., 413; Fellows v. Prentiss, 3 Denio, 512; Bank v. Evans, 4 Barb., 487.

GAINES, ASSOCIATE JUSTICE.—The plaintiff in error brought this suit to recover of defendant Krempkau, as principal, and of defendants Armengol, Martin, and Werner, as sureties, a balance due him for goods sold and delivered to the principal debtor. There was no controversy as to the existence or amount of the debt due by Krempkau; but the guarantors defended upon the ground that the indebtedness did not come within the terms of their contract of guaranty. The question was whether the guaranty was a continuing contract or not. The trial court held that it was, and gave judgment for the plaintiff. The Court of Civil Appeals held that it was not a continuing contract, and that the guarantors were not liable, and reversed and rendered the judgment in their favor.

The instrument in writing by which the defendant guarantors were sought to be charged is as follows:

"Know all men by these presents, that we, J. Armengol, Raymond Martin, and Fred Werner, of the county of Webb and State of Texas, in consideration of goods sold and to be delivered to A. E. Krempkau, of the city of Laredo, by Wm. J. Lemp, of the city of St. Louis, State of Missouri, do hereby guarantee full payment to said Wm. J. Lemp of the value of all goods sold and delivered since the 1st day of March, 1889, or that may be hereafter sold and delivered to said Krempkau, not to exceed, however, the sum of $3000.

"Signed and delivered this 25th day of March, 1889."

The trial court found, that the plaintiff sold Krempkau under the contract goods at various times amounting in value over the sum of $8000, and that of this amount Krempkau had paid all but the sum of $1304.60.

When the terms of a contract clearly show the intention of the parties, the courts must give effect to that intention, and are not at liberty to look at the subject matter and the attending circumstances in order to give it a different construction. The Court of Civil Appeals so held, but determined further, that the contract in question was free from ambiguity, and showed clearly that it was not a continuing guaranty. In the latter proposition we do not concur. If the contract had read, "We (the guarantors), in consideration of goods sold and to be delivered to A. E. Krempkau * * * by Wm. J. Lemp, * * * do hereby guarantee full payment to said Wm. J. Lemp of the value of all goods sold and delivered since the 1st day of March, 1889, or that may hereafter be sold and delivered to said Krempkau," * * * it is clear that this would have been an unlimited and therefore a continuing guaranty.

The difficulty grows out of the addition of the words "not to exceed, however, the sum of $3000." Were these words intended merely to

limit the amount for which the guarantors should in any event be liable, or were they intended to go further, and to restrict the liability to the first $3000 worth of goods sold? Did the parties mean to say, "We will guarantee the payment to an amount not exceeding $3000 of all goods sold," etc., or that "We guarantee the payment for all goods sold up to the value of $3000?"

·Was it the intention to qualify the word "payment" as found in the contract, or the word "value?" If the former, then the writing should be construed as if it read, * * * "We * * * hereby guarantee full payment, not to exceed, however, the sum of $3000, to Wm. J. Lemp, of the value of all goods sold and delivered since the 1st day of March, 1889, or that may be hereafter sold and delivered to said Krempkau." If the latter, then the contract would read, * * * "We * * * hereby guarantee full payment to Wm. J. Lemp of the value, not to exceed, however, the sum of $3000, of all goods sold and delivered since the 1st day of March, 1889, or that may be hereafter sold and delivered to said Krempkau."

According to the latter construction, the guaranty would apply only to the first $3000 of indebtedness contracted by Krempkau under the contract; and when the indebtedness was paid, the obligation would have been discharged. The former construction would limit the amount of the liability to be incurred by the guarantors, but would leave no limitation upon the amount of the sales with reference to which the promise was made. This would make the contract a continuing guaranty.

It seems to us, that from the face of the instrument it is impossible to determine with any degree of satisfaction which construction was intended. The strict rule of grammar would probably require that the qualifying clause in the sentence should be held to modify the nearest word to which it is applicable in the context. But constructions based upon grammatical niceties are not favored even in interpreting constitutions and statutes, which are presumed to be drawn with great solemnity and care. In commercial contracts they are entitled to still less favor.

It is doubtful if a rule of syntax in reference to the position of words or clauses in a sentence ought ever to have a controlling effect, save as a last resort. On the other hand, it is held that the rule that ambiguous language shall be construed against the party using it, applies to contracts of guaranty. Lawrence v. McAlmont, 2 How., 426; Drummond v. Prestman, 12 Wheat., 515. But this rule also applies only when the true intention can not be maintained after viewing the writing in the light of its circumstances.

It is a case, therefore, in which it was proper to resort to parol evidence for the construction of the instrument. There is no statement of facts in the record; but the trial judge, to whom the case was submitted without a jury, found, as appears from his conclusions of fact, that when the

plaintiff's agent applied to the defendant guarantors to sign the contract, he represented to them that Krempkau would not be permitted to owe at one time more than $3000. The court also found, that the agent represented to defendant Werner that the plaintiff would not ship to Krempkau more than one carload of beer, of the value of about $450, at a time, and that he would not ship him any more until that was paid for. Now while all stipulations discussed or even agreed upon by the parties previous to the execution of a written contract and not included in it when executed, go for nothing, the conversations which attend the negotiation may be looked to for the purpose of showing the nature of the contemplated transaction. Therefore the statement by the agent that the plaintiff would not permit Krempkau to owe at one time more than $3000 clearly shows that the parties must have had in contemplation at the execution of the contract a continuous business between the plaintiff and Krempkau, which might involve successive credits to the amount stated.

The statement to Werner alone tends, in a less degree, to show also that a continuous business was in contemplation, and that it was not to extend to a limited amount of sales only. Besides, the findings above set out were upon an issue of fraud in procuring the guaranty, which the defendants sought to establish. It does not exclude the idea that there may have been other evidence as to the subject matter of the guaranty, and the nature and amount of business which it was contemplated should be transacted between plaintiff and Krempkau. Having no statement of facts, it would seem that we should assume that every fact was proved which was necessary to sustain the judgment, unless the conclusions of fact filed by the trial judge should show the contrary.

We are of opinion, for the reason stated, that the Court of Civil Appeals erred in reversing and remanding the judgment; but before affirming the judgment of the District Court, we think it proper to pass upon appellant's assignments, which the Court of Civil Appeals did not deem it necessary to be considered, and which it was not necessary to consider in their view of the case.

If the petition was subject to exception, either general or special, for lack of an averment of notice to the guarantors of Krempkau's default, the defect was supplied by the allegations in the supplemental petition. These allegations would properly have appeared in an amended petition; but having been pleaded, they could not be disregarded. The paper denominated a supplemental petition was not properly such under the rules, and upon a motion having been filed for that purpose, it should have been stricken out.

The question of notice of acceptance of the guaranty has no place in this case. Here the contract was signed by the guarantors and delivered to the agent, who accepted it from them. We might as well talk about

notice of acceptance when the grantor in a deed has delivered it into the hands of the grantor for the purpose of passing the title.

The appellant's third assignment of error is too general and multifarious to authorize us under the statute to consider it.

The judgment of the Court of Civil Appeals is reversed and that of the District Court is affirmed.

*Affirmed.*

Delivered May 10, 1894.