### SHROFF et al. v. DEATON.
### No. 6441.

Court of Civil Appeals of Texas. Texarkana.
March 31, 1949.

John E. V. Jasper, Dallas, for appellants.

W. H. Barnes, Terrell, for appellee.

LINCOLN, Justice.

The appellants, children and heirs at law of K. D. Deaton by a former marriage, brought this suit against the appellee to recover one-half of a sum of money on deposit with the Kilgore Federal Savings and Loan Association. The parties will be referred to as in the trial court and the Kilgore Federal Savings and Loan Association will be referred to as the Association. Defendant was the surviving wife of K. D. Deaton, deceased. After the suit was filed the association filed its bill of interpleader and deposited one-half of the fund in the registry of the court, this being the fund in controversy. Plaintiffs' petition alleged that the money on deposit with the association was the community property of the deceased and of the defendant, and that the plaintiffs as heirs at law of deceased were entitled to one-half of it. The deceased left a written will which had been probated, but it was admitted by the parties that the will did not dispose of the fund on deposit with the association.

The case was tried before the court without a jury. The judgment entered denied plaintiffs any recovery and allowed an attorney's fee to be paid to the association out of the fund deposited in the registry of the court. There is no appeal from that part of the judgment allowing attorney's fees but the plaintiffs appeal from the judgment denying them recovery for one-half of the fund, as sued for in their petition.

After the judgment had been entered the court filed its findings of fact and conclusions of law, as requested by the plaintiffs. The findings material to this decision are as follows:

"5. At the time of the death of K. D. Deaton in October, 1947, there was deposited to the joint account of K. D. Deaton and wife, Melanie Selzer Deaton, the sum of $9,919.22, with the Kilgore Federal Savings and Loan Association, which amount of money is the basis of this suit.

"6. That on or about May 1, 1946, the said K. D. Deaton and Melanie Selzer Deaton entered into a written contract with the Kilgore Federal Savings and Loan Association for the purchase of Optional savings shares; that the said written agreement provided that the purchase was to be held in joint tenancy by the said K. D. Deaton and Melanie Selzer Deaton, and further provided the right of survivorship, a copy of said instrument being in exact form as follows:

" 'No. 333        Date 501        1946

" 'Names        K. D. or Mrs. Melanie Deaton

" 'I hereby subscribe for Optional Savings shares in the Kilgore Federal Savings and Loan Association subject to the laws of the United States, the rules and regulations of the Federal Home Loan Bank Board and the charter and by-laws of the association as they now are or as they may hereafter be amended. It is understood and agreed that the shares hereby subscribed for are issued by the association, and all moneys paid or that may hereafter be paid thereon are paid by the undersigned, and such shares together with all accumulations thereon are held by the association for our account, as joint tenants with right of survivorship and not as tenants in common, and that said shares may be resold subject to the by-laws of the association, by either before or after the death of either, and

either is authorized to pledge the same as collateral security to a loan.

(Signed) K. D. Deaton, Mrs. Melanie Deaton.

(For a joint account)'

"7. That a passbook was issued in the names of both parties, namely K. D. Deaton and Melanie Selzer Deaton, for the purpose of making deposits and withdrawals and that the withdrawals and/or deposits could be made either with or without the presenting of the passbook.

"8. The said K. D. Deaton did, a short time before his death, make a gift of all of his interest in said shares of stock or money on deposit with the Kilgore Federal Savings and Loan Association to Melanie Selzer Deaton, and delivered at that time the passbook heretofore referred to, to said Melanie Selzer Deaton."

The court's conclusions of law are as follows:

"2. That after the death of K. D. Deaton in October, 1947, his interest in the account passed to Melanie Selzer Deaton under the terms of the contract with the Kilgore Federal Savings and Loan Association, and that said whole interest should vest in the survivorship of the two, such provisions being valid.

"3. That K. D. Deaton made a valid gift of his interest in the account to Melanie Selzer Deaton prior to his death and with it delivered the passbook heretofore referred to.

"4. In connection therewith, the court further finds that both parties had a legal right to withdraw their savings in accordance with the terms of the contract with the Kilgore Federal Savings and Loan Association.

"5. That all the money deposited with the Kilgore Federal Savings and Loan Association, except $3,000 placed therein by Melanie Selzer Deaton as her separate property, was made by the joint efforts of both K. D. Deaton and Melanie Selzer Deaton, and thereby became community property."

■ No statement of facts has been brought up on appeal. The first point presented for reversal is that the trial court erred in finding that a valid gift of the portion of the estate involved in this suit had been completed, as found in the eighth paragraph of the court's findings of fact. It is a well established rule in this State that where there is no statement of facts, the findings of fact by the trial court in cases tried without a jury are conclusive on the reviewing court. 3 Tex.Jur. p. 557; Custard v. Flowers, Tex.Civ.App., 14 S.W. 2d 109.

In 3 Tex.Jur., p. 540, it is said: "In the absence of a statement of facts the appellate court cannot determine questions depending upon the sufficiency of the evidence; and hence cannot consider assignments of error to the effect that the evidence is insufficient to support the findings, verdict or judgment, or that they are contrary to the evidence." .

The foregoing statement is supported by abundant authority in this State.

Since there is no statement of facts, we are bound by the findings of the trial court, and its finding of fact in this respect must be adopted as the finding of this court.

■ Appellants' brief directs our attention to the fourth paragraph of the conclusions of law. There the trial court found that both parties had a legal right "to withdraw their savings in accordance with the terms of the contract" with the association. Appellants urge that such conclusion negatives a valid and completed gift from the donor to the appellee. The contract is dated in 1946. The gift is alleged to have been made about two months before Deaton's death which occurred in October, 1947. The trial court's fact finding was that the gift took place "a short time before his death." The conclusion of the court is that under the terms of the contract with the association either party thereto had a right to withdraw the funds. This is a conclusion of law, and whether correct or incorrect, it is not necessary to decide. The finding of fact that the gift was made by Deaton to his wife a short time before his death is binding upon this court, and this finding is not affected by the trial court's conclusion of law that under the terms of the contract with the association either party could withdraw the funds on deposit. We see

nothing in the contract which would prevent the husband from giving to the wife his one-half interest in those funds. The first point of error cannot be sustained.

Appellants' second point is directed to the holding of the trial court that the fund in controversy passed to Mrs. Deaton under the terms of the contract between the Deatons and the association. It is urged that the contract is for a joint tenancy and that under the Statutes of Texas, Article 2580, R.S. estates by joint tenancy and in coparcenary, as at common law, have been abolished. Article 2580, R.S., provides that where a joint owner dies his interest in property held jointly with another shall descend to and be vested in his heirs at law. This statute has the declared purpose to abolish the right of survivorship as at common law. But in Chandler v. Kountze, Tex.Civ.App., 130 S.W.2d 327, in which writ of error was refused by the Supreme Court, it was held that where the deed provided that land was conveyed to grantees "as joint tenants, with all the rights of joint tenants at common law, including the right of survivorship," there is nothing in the statute to prevent the parties from providing among themselves that the property in question should pass to and vest in the survivor as at common law. In 48 C.J.S., Joint Tenancy, § 3, page 919, it is said: "Whether or not a bank account is held in joint tenancy with right of survivorship depends on the intention of the parties, determined in the light of all the circumstances. It has been held that, where the intention of the parties is evidenced by an unambiguous written agreement, the courts will follow the agreement."

Again, in 41 C.J.S., Husband and Wife, § 35, page 486, it is said: "It is now quite generally recognized that bank accounts may be so arranged that husband and wife may hold them jointly during their lives with the right of survivorship."

And at page 487: "Where the account is payable to either husband or wife or the survivor or the fund during their joint lives may be withdrawn by either one, the tendency of the courts is to permit the surviving spouse, usually the wife, to take the balance by right of survivorship."

In Holt v. Bayles, 85 Utah 364, 39 P.2d 715, 718, the Supreme Court of Utah had before it a case involving the right of a legatee under a will to recover the proceeds of a bank account belonging to deceased, in which the defendant claimed the deposit under an agreement with the deceased that the balance in said account should go to the survivor. In that case the Supreme Court said: "Where there is a joint agreement executed by the parties which clearly declares the intention to create a joint interest of each in the deposit or credit, the courts will sustain such intentions thus expressed."

It will be seen from the authorities referred to above and the decisions cited in the cases mentioned, that where the contract is clear and explicit in creating a joint tenancy with right of survivorship, and there is no fraud, undue influence, mistake, or other infirmity relied upon (and none were in this case), the courts are bound by the agreement. However, if the trial court's conclusion in this respect was erroneous, the error would be harmless, for the reason that the previous finding by him of a valid gift a short time before the death of Deaton would still stand as determinative of the whole case. We overrule the second point of error.

Appellants further urge error in the holding of the trial court that $3,000 of the fund on deposit with the association was the separate property of Mrs. Deaton. We do not know upon what testimony the court based such holding, and, there being no statement of facts filed in the case, we must presume that the evidence supported the conclusion.

Finding no error in the record the judgment of the district court is affirmed.