## W. A. MAYS v. J. S. PIERCE ET AL

No. A-5000, Decided June 29, 1955.
(281 S.W. 2d Series 79)

*Simpson, Clayton & Fullington and C. G. Clayton,* all of Amarillo, for petitioner.

In the absence of an assignment that the evidence was insufficient to support the judgment of the trial court to the effect that the transaction was not usurious, in the absence of a statement of facts, the Court of Civil Appeals erred in reversing and rendering judgment that the contract was usurious and forfeiting the interest upon a note arising out of such transaction. Cavanaugh v. Davis, 149 Texas 573, 235 S.W. 2d 972; Rest Haven Cemetery v. Swilley, 127 S.W. 2d 996. Dismissed, correct judgment.

*Snodgrass & Calhoun, George S. McCarthy, Gibson, Ochsner, Harlan, Kinney & Morris and O. W. Calhoun,* all of Amarillo, for respondent.

In response to petitioner's proposition cites Wisdom v. Smith, 146 Texas 420, 209 S.W. 2d 164; Northeast Texas Motor Lines v. Hidges, 138 Texas 280, 158 S.W. 2d 487; Temple Trust Co. v. Moore, 133 Texas 429, 126 S.W. 2d 949.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

This is essentially a suit involving priority of mechanic's and materialmen's liens as between a number of parties. It also involves a decision as to whether or not a note sued upon by petitioner and signed by one J. S. Pierce was tainted with usury.

In April, 1951, a certain three lots in the City of Amarillo were owned by one Klein, who had contracted to sell the same to V. L. Clynch. Clynch began the construction of a dwelling upon each of the three lots. On April 27, 1951, respondent, E. C. Cheshier, furnished to Clynch certain building material of the value of $1,313.48 which was used in the construction of the three houses. This material never having been paid for, Cheshier in due time filed in the office of the County Clerk of Potter County, Texas, the necessary papers to fix a statutory mechanic's and materialmen's lien upon the three lots and the improvements located thereon.

On May 3, 1951, J. S. Pierce, a defendant below, but who did not appeal from the trial court's judgment adverse to him, had become the owner of the three lots. On this date he executed to petitioner Mays his certain promissory note in the sum of $11,000.00 bearing interest at the rate of 8% per annum, due on or before six months after its date and secured the note with a duly executed, acknowledged and recorded deed of trust conveying the three lots to secure the payment of this $11,000.00 note. The $11,000.00 was advanced by Mays to Pierce in four installments of differing amounts and $10,000.00 was used by Pierce to pay for labor and materials used in improving the three lots. Subsequent to May 3, 1951, the other claimants besides Cheshier either performed labor or furnished material and supplies to J. S. Pierce which were used in constructing the improvements on the three lots. Some properly fixed their liens; others did not attempt to fix liens, and still others attempted to fix liens, but on account of various failures to comply with the statutes they have been held to have no lien. The details are not material to a decision of this cause due to the fact that J. S. Pierce defaulted in the payment for material and supplies and labor, and after many conferences between all parties and their attorneys it was agreed that a receiver be appointed and the property sold and the proceeds delivered into the registry of the court to be disposed of by judgment as entered herein. There is the sum of $11,926.72 so held by the clerk of the trial court to be distributed among the various claimants. That sum will not pay all indebtedness due for the lots and improvements, therefore, the question of which creditor has priority in his claim against this fund becomes highly important.

When J. S. Pierce defaulted in the payment of the $11,000.00 note, petitioner Mays filed suit in the proper court upon the note and for foreclosure of his deed of trust and made party defendants nearly all of those claiming to have liens upon the property. Others intervened until all interested parties were before the court, and, a jury being waived, all matters were submitted to the court. After hearing the evidence, the trial court rendered its judgment in favor of all claimants against J. S. Pierce individually, and fixed priority of the liens. In general, and as affects our decision, the trial court gave Mays judgment for the total amount due on the $11,000.00 note, including interest and 10% attorneys' fees. The judgment gave a first lien and claim to Mays for only $10,000.00, plus interest and attorneys' fees, and entitled him to be paid first out of the funds on deposit. As to $1,000.00 interest and attorneys' fees, judgment was given but the lien and claim were held inferior to all other claimants. The court denied some claimants any lien, and those liens which were established were held inferior and secondary to Mays' lien as above.

Certain of the defendants perfected an appeal to the Court of Civil Appeals, but due to the loss of the stenograpic notes, no statement of facts on the hearing was filed in the Court of Civil Appeals and no statement of facts as to what transpired at the hearing held to develop all facts has been filed in this Court. The Court of Civil Appeals reversed and rendered the trial court's judgment. It held the lien of Cheshier in the sum of $1,313.48, plus interest, to be the first and superior lien on the fund after payment of the receiver's compensation and court costs. This holding is not complained of in the application for writ of error filed by Mays. The Court of Civil Appeals held that as to $1,000.00, plus interest and attorneys' fees, Mays could not recover because such sum represented usurious interest sought to be collected by Mays, and therefore was void. It established Mays' lien only to the extent of $10,000.00 plus 10% attorneys' fees, but denied any recovery for interest, or for the $1,000.00. As to the other claimants, it was held their liens were inferior and secondary to Cheshier's and Mays' liens. 277 S.W. 2d 155.

Mays alone has filed an application for writ of error, and he complains of the Court of Civil Appeals' judgment by only one point of error and that is to the effect that the Court of Civil Appeals was in error in holding the Mays' note usurious and in denying recovery of $1,000.00 and all interest.

With reference to the usury claim the record shows that J.

S. Pierce filed a written answer in which he admitted the allegations in plaintiff's petition, and did not appear further. Plaintiff's petition contained the allegations usually found in a suit upon a promissory note and for foreclosure of a deed of trust lien, and, of course, no usury allegations.

The matter of usury was raised for the first time in the answer of Roy Campbell, one of the defendants.. No other defendant plead usury or attacked the note and lien on this ground.

The trial court filed the following findings of fact which are relevant to the usury issue:

"I find that the Plaintiff, W. A. Mays, thereafter advanced to and for the benefit of the Defendant J. S. Pierce the sum of $11,000.00 represented by such note, $10,000.00 of which was used by the said J. S. Pierce in paying for labor and material in erecting the improvements upon Lots 15, 16 and 17, each inclusive, in Block 5 of Denver Heights Annex, an addition to the City of Amarillo, Potter County, Texas, with the other $1,000.00 thereof being used for extraneous purposes.

\* \* \*

"I find that at the time the material was furnished and the labor performed by the various Defendants, the deed of trust lien of Plaintiff securing the indebtedness due the Plaintiff as evidenced by such $11,000.00 deed of trust note had been duly filed of record, and the Defendants were thereby put upon notice that any permanent improvements which might be placed upon the lands covered by such deed of trust and which could not be removed therefrom without injury thereto, would be subject to a sale as a part of the real estate in payment of the Plaintiff's debt, and that the improvements placed upon such lands were permanent improvements and could not be removed from the lands without injury thereto, and could not, therefore, be separated or removed from the land.

\* \* \*

"I find that the proceeds of the loan evidenced by the $11,000.00 note bearing date of May 3, 1951, executed by J. S. Pierce and payable to the Plaintiff, W. A. Mays, was paid by the Plaintiff, W. A. Mays, to the Defendant, J. S. Pierce, in installments as follows:

$4,000.00 on the 3rd day of May, 1951
$3,000.00 on the 9th day of May, 1951
$2,000.00 on the 24th day of May, 1951
$2,000.00 on the 17th day of June, 1951

* * * $1,000.00 of the $4,000.00 advancement made on May 3, 1951, was paid to Wayland College at Plainview, Texas, by the Defendant, J. S. Pierce.

"I find that $1,000.00 of the proceeds of the $11,000.00 deed of trust note sued upon herein given by the Defendant, J. S. Pierce, to the Plaintiff, W. A. Mays, was paid to Wayland College at Plainview, Texas, by the Defendant, J. S. Pierce.

"I find that the $1,000.00 paid by the Defendant J. S. Pierce to Wayland College at Plainview, Texas was a part of the proceeds realized from the $11,000.00 deed of trust note executed by the Defendant J. S. Pierce and payable to Plaintiff, W. A. Mays.

"I find that the $1,000.00 paid by the Defendant J. S. Pierce to Wayland College at Plainview, Texas, was made at the request of the Plaintiff, W. A. Mays.

"I find that the $1,000.00 paid by the Defendant J. S. Pierce to Wayland College at Plainview, Texas, was not a condition precedent to the Plaintiff, W. A. Mays, making the loan to the Defendant, J. S. Pierce, evidenced by such $11,000.00 deed of trust note."

The trial court filed the following conclusions of law upon the above findings:

"I conclude that the Plaintiff, W. A. Mays, is entitled to recover a judgment against the Defendant J. S. Pierce for the sum of $11,000.00 as principal, together with the sum of $1,754.50 as interest, together with the sum of $1,275.45 as attorneys' fees, making an aggregate sum of $14,029.95, together with interest thereon from this date until paid at the rate of 10% per annum, together with all costs in this behalf expended, and that the Plaintiff W. A. Mays, is the owner and holder of a first and superior lien covering Lots 15, 16 and 17 in Block 5 of Denver Heights Annex, and addition to the City of Amarillo, Potter County, Texas, to the extent of $10,000.00 of the principal of such $11,000.00 note, together with interest and attorneys' fees on said sum of $10,000.00 only, or the aggregate sum of $12,754.50, and that the remaining $1,000.00 of the principal of such $11,000.00 note, together with interest and attorneys' fees on such $1,000.00, or the aggregate sum of $1,275.45, is secured by a lien covering the above described real estate which, however, is subordinate and inferior to the liens of the other defendants hereinafter set out.

"I conclude that the Plaintiff, W. A. Mays, has a first and

superior lien securing him in the sum of $12,854.50 upon the $11,926.72 now in the hands of the receiver herein representing the proceeds realized from the sale of the hereinbefore described real estate."

■ It is contended that the payment by Pierce to Wayland College of the sum of $1,000.00, which sum was included in the total amount of $11,000.00 for which Pierce executed his note to Mays, constituted usury. This would be true had the payment to Wayland College been demanded of Pierce by Mays as a condition precedent to Mays advancing the money to Pierce. The findings of fact by the trial court were that such payment to Wayland College was *not* a condition precedent to Mays making the loan to Pierce. Therefore, such payment could not be usury under the facts of our case.

■ In order to constitute usury there must be a contract for the payment of more interest on the loan than the 10% allowed by law. Continental Savings & Building Ass'n. v. Wood, Texas Civ. App., 33 S.W. 2d 770 (2), aff., Texas Com. App., 56 S.W. 2d 641; Davis v. Federal Mortgage Company, 131 Texas 46, 111 S.W. 2d 1066; Greever v. Persky, 140 Texas 64, 165 S.W. 2d 709; Rest Haven Cemetery v. Swilley, 1939, Texas Civ. App., 127 S.W. 2d 996, wr. dism., cor. judg.; 42 Texas Jur. 896, Sec. 17. The findings of fact by the trial court rebut any such contract or agreement in this case. The burden was upon Campbell to establish that the contract was tainted by usury. This he did not do, and the judgment of the trial court giving Mays a judgment for the $11,000.00, plus interest and attorneys' fees, is a judgment against any usury being present. It is noted that neither Campbell nor Pierce perfected an appeal from the trial court's judgment.

■ There being no statement of facts in the record, we must presume there was evidence to support the findings of fact and the court's judgment. Kirkman v. Snively, 1847, 2 Texas 447; Orrill v. Talbott, 1875, 44 Texas 192; Gentry v. Schneider, 1890, 77 Texas 2, 13 S.W. 614; Paden v. Briscoe, 1891, 81 Texas 563, 17 S.W. 42; Lemp v. Armengol, 1894, 86 Texas 690, 26 S.W. 941; Parker v. El Paso County Water Improvement Dist. No. 1, 1927, 116 Texas 631, 297 S.W. 737; Anchor v. Wichita County Water Imp. Dist. No. 2, 1937, 127 Texas 70, 103 S.W. 2d 135, 112 A.L.R. 70; Uvalde Const. Co. v. Joiner, 1939, 132 Texas 593, 126 S.W. 2d 22; Hursey v. Thompson, 1943, 141 Texas 519, 174 S.W. 2d 317; City of Galveston v. Hill, 1952, 151 Texas 139, 246 S.W. 2d 860 (1); 3b Texas Jur. 377, Secs. 913-17.

■ Therefore, it follows that the Court of Civil Appeals was in error when, upon the record before it, it found the $11,000.00 note was tainted with usury and denied recovery of the $1,000.00 and all interest, and such judgment on this point must be reversed. It is a well established rule of construction of contracts that when a court has the choice of construing a contract as valid, or as void, the contract should be construed in such manner as to give it validity.

The judgment of the Court of Civil Appeals which establishes the debt and lien of E. C. Cheshier as the first and superior lien and claim on the proceeds held in the registry of the court is affirmed. The trial court's judgment as to the W. A. Mays' claim is in all things affirmed, except as modified by the Court of Civil Appeals' judgment on the E. C. Cheshier claim. Otherwise and except as herein provided the judgments of the trial court and the Court of Civil Appeals with regard to the claims of all other respondents are affirmed.

Opinion delivered June 29, 1955.