Olive COLLINS, Appellant,

v.

Madge TUCKER, Appellee.

No. 16086.

Court of Civil Appeals of Texas.

Fort Worth.

March 4, 1960.

E. S. Allen, Fort Worth, for appellant.

Richard Owens, Fort Worth, for appellee.

RENFRO, Justice.

By cross-actions filed in a suit originally brought by the City of Fort Worth as a tax suit, Mrs. Collins and Mrs. Tucker sued each other in trespass to try title. A non-jury trial resulted in judgment for Mrs. Tucker.

Mrs. Collins appealed.

The trial court filed findings of fact and conclusions of law.

The court found that by deed dated May 2, 1942, Mrs. Collins conveyed to Mrs. Tucker legal title to the south 2 feet of Lot No. 9 and all of Lot No. 10 in Block No. 3 of the Mattison's Addition to the City of Fort Worth in Tarrant County, Texas, which deed was immediately filed for record; said deed was executed by Mrs. Collins in fraud of her creditors and with intent to place such property beyond the reach of her creditors; she executed the deed with intent to convey legal title to Mrs. Tucker; on the same date Mrs. Tucker executed a deed to Mrs. Collins, which deed was not recorded until October, 1957, but the description in said deed was too vague and indefinite to convey any property and was of no force and effect.

The court concluded as a matter of law: (1) That legal title to the south 2 feet of Lot 9 and all of Lot 10 in Block 3 of Mattison's Addition to Hi-Mount, an addition to the City of Fort Worth, in Tarrant County, Texas, was in the cross-plaintiff, Madge Tucker; (2) Mrs. Collins was not entitled to reformation of the deed executed by Mrs. Tucker; (3) there was not any evidence introduced which would entitle Mrs. Collins to reformation of such deed as there was no evidence showing what property was meant to be conveyed by such deed, nor that there was any mistake in the preparation of such deed; (4) that judgment should be entered for Mrs. Tucker for title and possession of the property; and (5) that Mrs. Collins should take nothing as against Mrs. Tucker.

Appellant does not challenge the findings of fact but does challenge the conclusion of law that legal title to the property was in appellee, Mrs. Tucker.

■ Appellant executed, acknowledged and delivered a general warranty deed to appellee, which was duly recorded. The record amply supports the court's finding that appellant conveyed the property in question to appellee in fraud of her creditors. In Dellerman v. Mangold, Tex.Civ. App., 271 S.W.2d 720, 721, error refused, the court held: "The Supreme Court has closed the door to grantors who shield their property from the just claims of creditors and later seek to recover from their grantee in whom was placed the apparent title. Lott v. Kaiser, 61 Tex. 665, 670. * * * 'This is so for reasons of public policy, to discourage fraudulent transactions. The courts leave the parties in the position in which they have placed themselves. * * *'"

In view of the above authority and the cases cited in 20–A Tex.Jur., p. 565, sec. 108, the trial court did not err in finding title in appellee.

In points 1 and 5 appellant contends the court erred in not taking into consideration the law of landlord and tenant and the ten year statute of limitation. Vernon's Ann.Civ.St. art. 5510.

The appellant did not except to the findings of fact filed by the trial court, did not request additional findings of fact and did not object to the failure of the court to make findings on the matters of which she now complains.

■ Unless the record shows to the contrary, every reasonable presumption will be indulged in favor of the findings and judgment of the trial court and no presumptions will be indulged against the validity of the judgment. 4 Tex.Jur.2d, p. 329, sec. 806. On appeal the court of civil appeals must give effect to the findings as made, with omitted facts, when supported by the evidence, being supplied by presumptions in support of the trial court's rendition. Waters v. Yockey, Tex. Civ.App., 193 S.W.2d 575. The appellant cannot complain of failure to find certain facts when there has been no request for

additional findings and no exception to such failure to find. 3 Tex.Jur.2d, p. 445, sec. 167. In effect, appellant is asking the appellate court to presume against the judgment of the trial court, although she did not except to the findings as made by the trial court and did not request any additional findings. The points are overruled.

In points 3 and 4 appellant contends the court erred in concluding as a matter of law that appellant was not entitled to reformation of the deed from appellee to her, and the conclusion that there was no evidence which would entitle her to reformation.

■ The conclusions of law of which complaint is made were based on the court's findings of fact, which she does not challenge. Furthermore, appellant does not set out any reason which would require conclusions other than those reached by the trial court. In our opinion the conclusions correctly stated the law as applied to the facts found by the court.

The judgment of the trial court is affirmed.