Robert H. THOMPSON, Jr., Petitioner,

v.

REPUBLIC ACCEPTANCE CORPO-RATION, Respondent.

No. A–10568.

Supreme Court of Texas.

March 10, 1965.

Rehearing Denied April 7, 1965.

the interpretation, however, that one who relies upon subdivision 5, Article 1995, Vernon's Ann.Civ.St., need not introduce into evidence the written document relied upon. The writing relied upon must be proved. The fact that defendant Thompson did not deny execution under oath excused proof of execution, but the terms of the note must still be proved. Davis v. Marshall, 25 Tex. 372 (1860); Able v. Chandler, Adm'r, 12 Tex. 88 (1854). There is no statement of facts and ordinarily we would presume that the facts proved support the judgment. Mays v. Pierce, 154 Tex. 487, 489, 281 S.W.2d 79, 82 (1955). However, petitioner has no point that the note which was attached to the pleadings was not introduced in evidence. He has, in fact, briefed the case upon the basis that it was introduced into evidence. The Court of Civil Appeals has reached the right result on the only points which petitioner has raised by his assignments in his application. City of Deer Park v. State, ex rel. Shell Oil Co., etc., 154 Tex. 174, 275 S.W.2d 77, 84 (1954). We accordingly refuse the application for writ of error, no reversible error. Rule 483, Texas Rules of Civil Procedure.

Mauzy & Mauzy, Houston, for petitioner.

Leonard L. Franklin, Isaac D. White, Austin, Frank Y. Hill, Jr., Michael R. Gibson, San Antonio, for respondent.

PER CURIAM.

The opinion by the majority in the Court of Civil Appeals has correctly held that a promissory note payable "in Austin" is a contract in writing that is performable in Travis County, Texas. Republic Acceptance Corporation v. Thompson, 384 S.W.2d 792. The opinion is subject to