**EXCHANGE ESTATES, INC., et al.,**
Appellants,

v.

Warren **DONALDSON**, Appellee.

No. 16801.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 7, 1966.

On the Merits Feb. 17, 1967.

Rehearing Denied March 17, 1967.

Goldberg, Alexander & Baker and G. Dennis Sullivan, Dallas, for appellants.

Garrett & Garrett and Rufus Garrett, Jr., Fort Worth, for appellee.

## ON REHEARING ON MOTION FOR EXTENSION OF TIME TO FILE STATEMENT OF FACTS

### PER CURIAM.

The cause is presently pending for submission on the merits of the appeal. The transcript was timely filed. This opinion is upon appellants' motion for a rehearing following our refusal to grant an extension of time for the filing of a statement of facts.

■ Our present holding: Where the original motion for extension of time to file statement of facts in the Court of Civil Appeals presented proof purporting to discharge appellants' burden to establish that the delay was excusable, which motion was contested with evidence that the statement of facts was not requested until two days prior to date it should have been filed,—and said evidence not having been controverted prior to the time the court overruled the motion for extension of time—proof subsequently tendered, which would have raised a fact issue entitling the court to hold that good cause for delay did exist, had it been filed before the motion was overruled, should not be considered in determination of the motion for rehearing.

■ Consideration of the question of "good cause" for delayed filing of a statement of facts, as part of the record on appeal, is an original proceeding. The issue thereupon determined is made by pleadings and proof before the appellate court at the time it either grants or denies the motion for extension of time, at least as applied to a case where the parties join issue, as adversaries, upon the matter of good cause for delay.

■ The members of this court are in accord that where such issue is joined—on original submission—by pleadings and proof constituting notice of the attack upon the sufficiency of the proof tendered to establish good cause for the delay, appellants should be thereafter confined to the record existent at time of the order.

See Texas Rules of Civil Procedure 458, "Motion and Second Motion for Rehearing". See also the reasoning of Chief Justice Gaines relative to right to correct a record so as to cause it to reflect essential jurisdictional facts in connection with what purported to be a defective statement of facts—in Gulf, C. & S. F. Ry. Co. v. Cannon, 88 Tex. 312, 31 S.W. 498 (1895).

Motion for rehearing is overruled.

### On the Merits

### RENFRO, Justice.

This is a third party action brought by plaintiff Warren Donaldson against defendants Exchange Estates, Inc., S. Mort Zimmerman, Frank C. Anderson, William C. Huls, Philip Leserman III, Albin P. Scott and William M. Sickler. Suit was brought upon an agreement by defendants to jointly and severally indemnify and hold plaintiff harmless against any and all actions, claims and demands whatsoever that might result or arise out of the ownership by plaintiff of

certain motor hotel stock sold by plaintiff to the defendants.

Originally suit was brought by Republic National Bank of Dallas against Donaldson and others. The third party action was severed from said suit.

Trial by the court without a jury in the third party action resulted in a judgment for plaintiff against the defendants in the sum of $263,703.18, being the amount, after certain credits, the court found was due under their indemnity agreement. The Bank had previously taken judgment against plaintiff.

Appellants briefed four points of error, namely, the trial court erred (1) in overruling defendants' plea in abatement; (2) in holding that the mailing of a promissory note constituted payment of the judgment held by the Bank against plaintiff; (3) in finding that prior to judgment in the instant suit plaintiff paid to the Bank the sum of $258,865.78, and had been released from liability because there was no evidence to support the finding; (4) in overruling defendants' motion for continuance.

Defendants' motion for extension of time for filing statement of facts was by this Court denied because of failure to show good cause.

The appeal, therefore, is before us without a statement of facts. There are no bills of exception in the record.

The points present matters which, from their very nature, cannot be determined by us without a statement of facts or bills of exception. In addition to findings incorporated in the judgment, the court filed twenty-three separate findings, taking up five full pages in the transcript, and, in addition, six separate conclusions of law.

Some of the findings were: (1-2-3) that each defendant, for a valuable consideration, had executed the indemnity agreement; (8) on August 19, 1965, the Bank obtained judgment against plaintiff and others in the amount of $689,641.00 and a foreclosure of lien against the Admiral Motor Hotel of Texas, Inc.; (9) pursuant to an order of sale the Bank bought the property for $325,000.00; (10) execution was issued against plaintiff; (14) prior to entry of judgment in the instant case plaintiff Donaldson "paid to the Republic National Bank of Dallas the total sum of $258,-865.78 on the judgment (in favor of Bank against plaintiff and others), and has been released from further liability on said judgment"; (18) that all conditions precedent to the obligation of defendants to hold plaintiff harmless and indemnify him against liability on the obligation asserted against plaintiff have been performed or have occurred.

The court concluded that defendants were liable to plaintiff in the amount of $253,-703.18, plus $10,000.00 attorneys' fees.

■ The facts found by the court are amply sufficient to support the judgment entered.

■ It was held by the Supreme Court in Mays v. Pierce, 154 Tex. 487, 281 S.W.2d 79 (1955): "There being no statement of facts in the record, we must presume there was evidence to support the findings of fact and the court's judgment." Cited as authority were: Kirkman v. Snively, 2 Tex. 447 (1847); Orrill v. Talbott, 44 Tex. 192 (1875); Gentry v. Schneider, 77 Tex. 2, 13 S.W. 614 (1890); Paden v. Briscoe, 81 Tex. 563, 17 S.W. 42 (1891); Lemp v. Armengol, 86 Tex. 690, 26 S.W. 941 (1894); Parker v. El Paso County Water Improvement Dist. No. 1, 116 Tex. 631, 297 S.W. 737 (1927); Anchor v. Wichita County Water Imp. Dist. No. 2, 129 Tex. 385, 103 S.W.2d 135, 112 A.L.R. 70 (1937); Uvalde Const. Co. v. Joiner, 132 Tex. 593, 126 S.W.2d 22 (1939); Hursey v. Thompson & Hursey, 141 Tex. 519, 174 S.W.2d 317 (1943); City of Galveston v. Hill, 151 Tex. 139, 246 S.W.2d 860(1) (1952); 3B Tex.Jur. 377, §§ 913-17. See also Thompson v. Republic Acceptance Corporation, 388 S.W.2d 404 (Tex.Sup., 1965).

In McDonald, Texas Civil Practice, Vol. 4, p. 1302, § 16.10(c), the author states: "Where specific findings of fact and conclusions of law are filed, and no statement of facts is brought forward, the findings of fact are binding on the parties and are accepted as justified by the evidence."

In addition, unless the record shows to the contrary, every reasonable presumption will be indulged in favor of the findings and judgment of the trial court and no presumptions will be indulged against the validity of the judgment. Collins v. Tucker, 333 S.W.2d 218 (Tex.Civ.App., 1960, no writ hist.); 4 Tex.Jur.2d 329, § 806; Shroff v. Deaton, 220 S.W.2d 489 (Tex.Civ.App., 1949, no writ hist.); Schweizer v. Adcock, 145 Tex. 64, 194 S.W.2d 549 (Tex.Sup., 1946); Commercial Credit Corp. v. Smith, 143 Tex. 612, 187 S.W.2d 363 (Tex.Sup., 1945).

In view of the record before us, we must presume the judgment rendered by the court was proper.

Affirmed.