Betty **CARVER** et al., Appellants,

v.

**CITY OF WICHITA FALLS** et al., Appellees.

No. 16894.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 16, 1968.

Rehearing Denied March 22, 1968.

Johnson & Browning, and William V. Browning, Wichita Falls, for appellants.

H. P. Hodge, Jr., Wichita Falls, for appellees.

## OPINION

RENFRO, Justice.

Although there were numerous plaintiffs and defendants in the trial court, the real suit is by three policewomen of the City of Wichita Falls asking for a mandatory injunction against the City of Wichita Falls requiring the City to give them full Civil Service Protection and classification as "Policewomen" with the same classification as that of "Patrolmen" and therefore entitled to the same pay and seniority as "Patrolmen."

The court, after full hearing, denied the relief for which plaintiffs prayed.

The appeal is before us without a statement of facts, appellants having tendered the statement of facts forty days after time for filing motion for extension of time had expired. Rule 386, Texas Rules of Civil Procedure.

In a non-jury trial the court found that the appellants occupied the status of civil service employees in the classification of "Policewoman," but that the "civil service classification of 'Policewoman' is a different classification from the old civil service classification 'Patrolman' and is a different classification from the civil service classification 'Police Officer,' and the defendants (City) are not required to pay a person in the classification of 'Policewoman' the same salary as a person in the classification 'Police Officer.' "

The judgment recites the court considered the pleadings, the evidence and the argument of counsel.

Appellants state that the cause was submitted to the court on an agreed statement of facts and oral testimony. Unfortunately for appellants, the agreed statement of facts does not appear in the record. Having no statement of facts, the testimony adduced at the trial is not before us.

All that the record before us contains are the pleadings and the judgment.

Appellants have presented six points of error. The nature of the points are such that it would require an examination of the evidence to determine whether reversible error is present.

In appellants' brief reference is made to ordinances, facts, evidence, etc. We, of course, without a statement of facts, cannot determine whether such ordinances were introduced into evidence, and cannot refer to the facts or evidence to be found only in a statement of facts.

The City in its answer pleaded certain City ordinances. There is nothing in said ordinances which would of themselves show that the court had entered an erroneous judgment.

Inasmuch as the court's judgment recited that evidence was heard, we must assume, in the absence of a statement of facts, there was evidence to support the judgment entered. Mays v. Pierce, 154 Tex. 489, 281 S.W.2d 79 (1955); Exchange Estates, Inc. v. Donaldson, 412 S.W.2d 780 (Tex.Civ.App., 1966, no writ hist.), and cases cited in paragraph 5, page 782.

We realize the importance of the questions raised in the trial court to appellants, to the City of Wichita Falls, and to other municipalities in the State; however, we feel bound, under the record presented, to affirm the judgment of the trial court without attempting to say what we would hold if a full and complete record were before us.

Affirmed.

## ON MOTION FOR REHEARING

PER CURIAM.

In their motion for rehearing plaintiffs insist we erred in holding that their points of error could not properly be considered without a statement of facts.

They contend they are entitled to judgment on (1) the recitation of facts contained in the trial court's judgment; (2) ordinances of the City pleaded by the City; (3) the pleadings of the City and facts recited therein; (4) the charter of the City; (5) the prior judgment of this court (City of Wichita Falls v. Cox et al., Tex.Civ. App., 300 S.W.2d 317); (6) Constitutions of the United States and of Texas; (7) public laws of this State; (8) prior decisions of various courts of the land.

We have given consideration to all the matters urged by plaintiffs.

■ In event we were in error in regard to the necessity of a statement of facts to determine if reversible error is present, we would hold the court was correct as a matter of law in rendering judgment for the City. The ordinances in question were enacted in compliance with Art. 1269m, Vernon's Ann.Tex.Civ.St. The judgment entered was authorized by State law and said City ordinances, and was not in violation of State or United States Constitutions.

Motion for rehearing is overruled.

Overruled.