**Fannie Marie BOGS, Appellant,**

v.

**Kenneth BOGS, Glenn Bogs, Patsy Bogs Hudson, Appellees.**

**No. 09 84 343 CV.**

Court of Appeals of Texas, Beaumont.

Jan. 23, 1986.

Rehearing Denied Feb. 18, 1986.

Leslie Thacker, Houston, for appellant.

Richard D. Davis, Conroe, for appellees.

## OPINION

BROOKSHIRE, Justice.

Appeal from a *denial* of a Motion for Summary Judgment urged by Fannie Marie Bogs. The proceeding in the trial court that was the genesis of this appeal was a motion to construe the will of Fred Hiter Bogs.

Appellant advances two points of error. In Appellant's brief we find:

"Appeal was taken from denial of the Motion for Summary Judgment heard and the Court's Order of June 8, 1984."

This second contention is that the trial court erred in *denying* Appellant's Motion for Summary Judgment. The first point of error, in substance, is that the trial court erred in not finding (or in failing to find) that the testator, Fred H. Bogs, intended to convey only his ownership in real property inasmuch as his will, the Appellant contended, provided that Fred H. [Hiter] Bogs was only devising "my" property and only that property which he was " 'entitled to dispose of by Will' ".

Fred H. Bogs, the testator, was married twice. His first spouse died August 3, 1968. By his first marriage, he had 3 children. Fred H. Bogs acquired and accumulated both personal and real property during his first marriage. He also acquired property after the death of his first wife and before his marriage to his second wife, Fannie Marie Bogs. Fannie and Fred were married on October 6, 1971. After the marriage of Fred and Fannie, real property and personal property were acquired by Fred and Fannie until his death on August 20, 1978. Fred H. Bogs' Last Will and Testament was entered into probate by the attorney of record for the Appellant. Later, that counsel was discharged by the executor. The executor was Fred H. Bogs' oldest son. The will was admitted to probate on September 11, 1978.

The will constituted and appointed "Kenneth Howard Bogs, Independent Executor of this my Last Will and Testament and of my estate. I direct that no bond be required of my Executor...." After the attorney, who had probated the will, had been discharged by the independent executor, the surviving widow, Fannie Marie Bogs, employed that counsel's legal services.

On January 28, 1980, Kenneth Howard Bogs, Independent Executor, filed a Motion to Construe Will, alleging that a difference of opinion existed between Fannie Marie Bogs and the other heirs as to how certain ambiguous and conflicting bequests in the will should be interpreted. The executor alleged:

"... The will was written in a poor and inarticulate manner so that the bequest[s] to the decedant's [sic] children pertaining to the 'balance of stock of Texaco' is unclear and uncertain.

## II.

"As it is a question of law, and not fact, as to the legal interpretation of a will or any document in writing, Movant hereby calls upon the Court for assistance and direction in rendering a judicial opinion as to the interpretation of the will."

Said motion was filed by an attorney representing Kenneth Howard Bogs. That attorney has since been replaced by the present attorney of the Executor.

The transcript and several supplemental transcripts are, we think, somewhat confusing. But we perceive the following chronology of motions and orders to be fairly accurate.

On March 28, 1979, Fannie Marie Bogs, the surviving spouse, filed an "Application to Construe Will; to compel Independent Executor for accounting and to make Petitioner whole on foreclosures." This motion was filed in the County Court against the Independent Executor and the other two heirs.

On September 24, 1979, Fannie Marie Bogs filed a "Motion for Non Suit". On February 18, 1980, this motion was denied.

On May 29, 1984, Fannie Marie Bogs filed an "Application for Reconsideration for Motion on Nonsuit to Construe Will". The trial judge granted Fannie Marie Bogs' "Application for Nonsuit to construe will of Fred Hiter Bogs" on May 29, 1984. On June 8, 1984, the court entered an "Order on Motion to Construe Will."

Apparently, the Appellant filed two motions for a summary judgment before the trial commenced on May 29, 1984. Also, apparently, the first motion was denied and the second motion was not fully heard; but, after the trial proceeding started, the Appellant took a nonsuit. The trial judge heard the Appellees' motion requesting assistance with the construction of the last will and testament of the testator as well as determining the true intent of testator. Admittedly, the transcripts are confusing and hard to understand. We have no statement of facts. Appellant has appealed, it seems, from the court's order of June 8, 1984, wherein the trial judge construes *only certain paragraphs* of the last will and testament, but not the entire will.

■ We decide that a salient, conspicuous concept which will be dispositive of this appeal is that no appeal will lie from a denial of Appellant's motion for summary judgment. An order denying a motion for summary judgment is not a final, appealable judgment. Hence, an appeal cannot be taken from such action. *Novak v. Stevens*, 596 S.W.2d 848 (Tex.1980). Such an order of denial is interlocutory in nature. Hence, no appeal can be taken. *Tobin v. Garcia*, 159 Tex. 58, 316 S.W.2d 396 (1958).

■ Furthermore, as we understand this record, Appellant took a nonsuit on her application to construe the will and; hence, lacks standing to pursue that phase of this appeal. On May 29, 1984, the trial judge granted Fannie Marie Bogs a nonsuit on her motion to construe the will. There is, in the record, a short *excerpt* of a hearing which apparently took place on May 29,

1984, wherein it was shown that the court asked if there was "[a]nything we need to clear up before we go before the jury"? After a short colloquy, Ms. Thacker replied that she had filed a motion on several items. One was to construe the will and she wished to take a nonsuit insofar as *her motion to construe was concerned.* After further dialogue, the court addressed Ms. Thacker:

> "THE COURT: You're either moving to nonsuit this Motion to Construe or not. Are you moving to nonsuit *your Motion to Construe?"*
>
> "MS. THACKER: Yes, I am." (Emphasis ours)

Then the court granted her motion for nonsuit to construe the will. There then was a bench trial.

■ It seems Appellant also appealed from the order of June 8, 1984, construing the will. This order does not dispose of all the issues and all the parties. At most, it is an order construing only parts, or certain paragraphs, of the will. Hence, it is not a final, appealable judgment.

■ It seems a hearing or trial was held on May 29, 1984, with evidence being taken. We find no complete or helpful partial statement of facts in this record. Yet, at oral submission, Appellant vigorously complained that no findings of fact and conclusions of law were made by the trial judge. The trial judge did recite in his "Order on Motion to Construe Will" of June 8, 1984, that *he had heard evidence* and arguments. We, therefore, are constrained to assume that the trial court's action was correct and was supported by the evidence. An intermediate Court of Appeals, in the absence of a Statement of Facts and in the absence of any significant transcription of the court reporter's notes, must affirm the actions of the trial court below and apply all presumptions against the Appellant. *TEX.R.CIV.P. 386.*

■ Again, the court's order construing the will specifically sets out and recites that the court, in construing the will, proceeded *"having examined the will in ques-* *tion and heard evidence and arguments,* the court finds as follows:". (Emphasis ours) Under this bare bones record, we must assume that there was evidence to support the court's order. *Carver v. City of Wichita Falls,* 427 S.W.2d 636 (Tex.Civ. App.—Fort Worth 1968, writ ref'd n.r.e.); *Mays v. Pierce,* 154 Tex. 487, 281 S.W.2d 79 (1955).

Indeed, we *must* presume a full hearing was conducted. We find the following affidavit attached to Appellant's Reply Brief:

### "AFFIDAVIT

"I, Leslie Thacker, am licensed by the State of Texas as an attorney at law since 1966. Also, I am licensed by the State of Texas as a Certified Public Accountant.

"I represent the appellant, Fannie Marie Bogs in this appeal from County Court at Law No. Two Montgomery County, Texas[.]

"On or about August 14, 1984 in the afternoon, I contacted appellees' counsel, Richard Davis and directed him to Rule 377(i) and suggested that he write a narrative of the testimony of his witnesses at the hearing on May 29, 1984 and submit it to me for approval and the Court. Since the statement of facts related only to the appellees' testimony and appellant offered no testimony whatsoever. I explained to him that Fannie Marie Bogs could not pay the costs for this expense. I asked him to be sure to include my objections to the testimony of each witness pursuant to Sec. 3737(e) V.A.R.C.S., the Court's overruling my objection and my filing exceptions and he said he would. I heard nothing further from him.

"I have read the above, of which I have personal knowledge, and it is true and correct.

> "/s/ Leslie Thacker
> Leslie Thacker

"STATE OF TEXAS

"COUNTY OF HARRIS

"Acknowledged before me by Leslie Thacker on the 11th day of February 1985.

"Kathryn Rogers
Kathryn Rogers
Notary Public
Commission expires
6/13/88"

The above affidavit is followed by the following paragraphs:

"Additionally, appellant's first supplemental transcript #2 is a letter request dated July 27, 1984 for findings of fact and conclusions of law. The court again refused to act.

"Further, the court also refused to approve or disapprove or to act upon appellant's bill of exceptions per Rule 372.

"All of the above may be substantiated by the records of the court reporter and we invite this Court, to request the supplementation per Rule 428.

"*Appellant's reply to appellees' Memorandum*

"There is neither pleading or testimony to substantiate counsel's data as recited in his memorandum. This court can only review the record from the trial court, so it must be fully and completely disregarded.

. . ."

■ There were no findings of fact or conclusions of law, as such, filed by the trial court. In the record, we find *only* a letter addressed by Ms. Leslie Thacker to Judge Jerry Winfree, dated July 27, 1984, and received July 30, 1984, in re: Estate of Fred Bogs, stating:

"Dear Judge Winfree:

"This is a reiteration of my request for findings of fact and conclusions of law regarding the Orders on the above captioned signed June 8, 1984 and June 28th, 1984 and the related order on Motion for New Trial signed July 18, 1984.

"Yours truly,
"Leslie Thacker"

We think the letter does not comply with *TEX.R.CIV.P. 296* and *297*, which must be construed together. *Rule 297* provides, in substance, that the trial judge should prepare the findings of fact and conclusions of law and file the same within 30 days; and, if the trial judge should fail to file them, the party so demanding, in order to complain of the failure, *shall, in writing, within 5 days after such date,* call the omission to the attention of the judge. We decide that Appellant did not, in writing, call to the attention of the trial judge his failure to make findings and conclusions. Hence, she cannot complain of this failure on appeal.

Since we conclude that the order or orders of the trial court are not final and appealable, we do not deem it correct to either affirm, reverse, reform, or modify said orders.

We assure Appellant we have not considered Appellee's "Memorandum" attached to his brief.

Under this unusual record, we overrule Appellant's points of error and dismiss this appeal.

DISMISSED.