Mrs. C. Louis STEFFENS, a Widow,
Appellant,

v.

Harry S. POLLARD, Appellee.

No. 15371.

Court of Civil Appeals of Texas.
Dallas.

Nov. 21, 1958.

Rehearing Denied Jan. 9, 1959.

Harold W. McCracken, Dallas, for appellant.

Cofer & Cofer, Austin, for appellee.

DIXON, Chief Justice.

Appellee Harry S. Pollard, filed this suit in the nature of a bill of review September 12, 1956 against Appellant, Mrs. C. Louis Steffens to set aside a 1953 judgment of the Probate Court on the grounds of mutual mistake of law. The relief sought was denied in the Probate Court and appellee appealed to the District Court where after a trial before the court without a jury judgment was rendered in most part in favor of appellee Pollard.

Appellant, Mrs. C. Louis Steffens is the surviving widow of C. Louis Steffens who died intestate March 3, 1953. No children were born of their marriage. The deceased had been married twice. Appellee Harry S. Pollard, born in the year 1906, is the son and only child of C. Louis Steffens by his first marriage. Appellee's parents were divorced when appellee was about a year and half old and his custody was awarded to his mother. Later his mother married D. M. Pollard, and appellee was reared in their home. When he was about sixteen years of age he had his legal name changed from Steffens to Pollard.

Following the death of C. Louis Steffens in 1953 appellant and appellee, stepmother and stepson, who were apparently on friendly terms and were the only heirs of deceased, agreed on a division and distribution of the estate of C. Louis Steffens, deceased. In a nonadversary proceeding in the Probate Court of Dallas County a consent decree was entered approving the division and distribution.

The property involved in this controversy, which is only a part of the property

divided by the consent decree, is as follows:

(1) Building and Loan Shares of a value of $40,000.00. The certificates to these shares expressly provided that the account was a joint account "as joint tenants, with the right of survivorship as at common law, and not as tenants in common."

(2) Federal Credit Union Deposits of value of $1,102.24. The deposit agreement expressly provided for joint ownership "with right of survivorship".

(3) United States Savings Bonds, Series E, of a value of $2,005.50, payable to "C. Louis Steffens or Mrs. Edith T. Steffens." Mrs. Edith T. Steffens is one and the same person as appellant Mrs. C. Louis Steffens.

All of the above described property, though it was purchased with community funds, was awarded in 1953 in the original probate consent decree, to appellant, Mrs. C. Louis Steffens, because of the survivorship provisions in the building and loan certificates and credit union deposit agreements, and because the Series E bonds were made payable to C. Louis Steffens or Mrs. Edith T. Steffens.

In 1956 in the trial of the bill of review in the District Court, the court found that the parties, appellant and appellee, had innocently based the 1953 consent decree in probate court on a mutual mistake of law, both of them mistakenly believing that because of the survivorship clauses in the building and loan and credit union agreements, the surviving spouse was legally entitled to all the building and loan shares and all of the credit union deposits; whereas the community interest of the deceased in the property should have gone to the estate of deceased and to his heir at law, his son Pollard. However the court found that there had been no mistake as to the Series E bonds because under the United States Treasury Regulations the surviving spouse was entitled to take all the bonds

since the bonds were expressly made payable to either spouse. Accordingly judgment was rendered to the effect that appellee Pollard, as only child of deceased, C. Louis Steffens, was entitled to one-half of the building and loan stock and one-half of the credit union deposit; but that appellant Mrs. C. Louis Steffens was entitled to retain all of the Series E bonds.

Both parties have appealed from adverse parts of the judgment.

In explanation of his own part of the alleged mutual mistake of law appellee Pollard, who is an attorney at law, says that at the time he agreed to the division of the property in 1953 he had read and accepted as a correct statement of law the holdings in the case of Chandler v. Kountze, Tex.Civ.App., 130 S.W.2d 327, and Shroff v. Deaton, Tex.Civ.App., 220 S.W.2d 489. It was not until 1955 that this Court in the case of Reed v. Reed, Tex.Civ.App., 283 S.W.2d 311 held that a survivorship agreement between husband and wife with respect to property purchased with community funds is invalid because it undertakes to change the law of descent and distribution affecting community property. It was then, and not until then, says appellee, that he realized, or could be expected to realize, that he and appellant were both mistaken as to the law appliable to the survivorship provisions in the stock certificates and the deposit agreement, and the provisions making the Series E bonds payable to C. Louis Steffens, or appellant.

In Reed v. Reed, Tex.Civ.App., 283 S.W.2d 311 we held that building and loan certificates which were purchased with community funds of husband and wife and which carried a survivorship agreement such as we have in the instant case, did not become the property of the survivor after the death of one spouse. The basis of our holding was that a survivorship agreement is contrary to the law of this State which says that husband and wife may not enter into contracts with each

other which alter the legal order of descent with respect to their community property. It was our opinion that property of a spouse takes its status as separate or community property at the time of its acquisition, and parties may not by survivorship agreements such as the agreements here involved alter that rule of law.

However, in Ricks v. Smith, Tex., 318 S.W.2d 439, 440, our Supreme Court held that Series E United States Savings Bonds payable to John Michael Dooley or his wife, upon Dooley's death went to his surviving wife as sole owner, not to his estate or heirs, though the bonds were purchased with community funds. And the court grounded its holding on the contractual provisions of the bonds, not on rules of the United States Treasury Department.

We quote from the Supreme Court's opinion in the above case: " * * * the purchase of the bonds was by a contract which created a property right—not merely a method of payment for the convenience of the Treasury Department. There is no sanctity of the community property law above that of other types of law. To give supremacy to Federal regulations no more affects community property law than laws of descent and distribution. The solution as to the property rights of the surviving co-owner of 'or' bonds rests in contract, and that contract becomes a part of the bonds. * * * We have held that his estate had no interest in those bonds, the only property passing to the residuary legatees under the will was a one-half interest in the Dooley homestead."

Justices Walker, Calvert and Smith joined in a dissenting opinion written by Justice Walker. But even in the dissenting opinion the view is expressed that the majority holding presents little difficulty *providing the husband dies first.* We quote this part of the dissenting opinion: "It is said by the majority that the solution as to the property rights of the surviving co-owner rests in contract. If this be true, then the Texas law is an important con-

sideration in determining whether ownership of the bonds is effectively vested by contract in the surviving co-owner.

"Since there is nothing in our law to prevent a husband from making a contract affecting community property for the benefit of the wife, the case in which he invests community funds in bonds payable to him or the wife, seemingly presents little difficulty *provided he dies first."*

The holding of the Supreme Court in the Ricks case is decisive of this appeal. We must hold that the consent decree of the Probate Court of Dallas County entered in 1953 correctly vested sole ownership of the property in controversy in appellant Mrs. C. Louis Steffens, and that said decree was not entered as result of a mistake of law. Appellant's sixth, seventh, eleventh, fifteenth and sixteenth points on appeal are sustained.

In other points on appeal appellant attacks the sufficiency of the pleadings and the evidence to warrant relief in a bill of review regardless of whether the 1953 decree was based on a mistake of law. Since we have held that the decree was not based on a mistake of law, we see no need to consider questions challenging the sufficiency of appellee's pleadings and evidence to meet the requirements of a bill of review. Therefore we shall not pass on appellant's other points on appeal.

The judgment of the District Court will be reversed as to the building and loan certificates and the credit union deposits and judgment is hereby rendered vesting sole ownership of said property in appellant Mrs. C. Louis Steffens.

The judgment of the District Court in so far as it vests sole ownership of the Series E United States Savings Bonds in cross-appellee Mrs. C. Louis Steffens is affirmed.

Reversed and rendered in part and affirmed in part.