**Pearl HILLEY, Appellant,**

v.

**Garland HILLEY, Appellee.**

No. 3602.

Court of Civil Appeals of Texas.

Waco.

Sept. 3, 1959.

Rehearing Denied Oct. 1, 1959.

Dunnam & Dunnam, Waco, for appellant.

Beard, Kultgen & Beard, Waco, for appellee.

WILSON, Justice.

This case presents the pure law question of whether securities issued to husband and wife "as joint tenants with right of survivorship and not as tenants in com-

mon," purchased with community funds, constitute community property upon the husband's death, or the separate property of the surviving widow.

Appellee, son of the deceased husband by a former marriage, obtained a declaratory judgment that the securities were community property. It was stipulated that husband and wife purchased shares of corporate stock with community funds; that before issuance, the husband, in the wife's presence, instructed the broker to have the certificates issued in their joint names in such manner that upon the death of either, the securities would belong to the survivor. As delivered to and accepted by the husband, they contained the language above quoted. The stock was thereafter kept in a bank safety deposit box held by husband and wife as joint tenants. Both had keys to the box and were authorized to enter at will. The husband died intestate.

█ In our opinion, the trial judge tracked the law as it existed at the time of his decision. He determined correctly, against appellant's contention, that essential elements of a trust or gift in praesenti did not exist. Fleck v. Baldwin, 141 Tex. 340, 345, 172 S.W.2d 975, 978; Harmon v. Schmitz, Tex.Com.App., 39 S.W.2d 587, 589. As to the theory that the stock became the property of the widow by principles of contract, he followed a dimly lighted path and determined that under the provisions of Sec. 15, Art. 16 of the Constitution, Vernon's Ann.St.; Art. 4624a and Sec. 46, Probate Code, Vernon's Ann. Tex.Civ.Stats.; and such decisions as King v. Bruce, 145 Tex. 647, 201 S.W.2d 803, 171 A.L.R. 1328; and Reed v. Reed, Tex. Civ.App., 283 S.W.2d 311, no writ hist., a change in community status was not effected.

We are confronted, however, with the decision of the Supreme Court in Ricks v. Smith, Tex., 318 S.W.2d 439, and the granting of writ of error in Steffens v. Pollard, Tex.Civ.App., 319 S.W.2d 447, on points presenting the precise question here involved. Careful study of the Court of Civil Appeals' opinion, Tex.Civ.App., 308 S.W.2d 941, 947 (holdings in which the Supreme Court states it approves and concurs), and the majority and dissenting opinions in the Ricks case convince us that court intended to limit the holding to Series E United States savings bonds. The Court of Civil Appeals predicated its determination directly on the view which "recognizes the supremacy of the Federal statutes and the Treasury regulations in determining the ownership of United States Savings Bonds," which was the basis of the decisions which it cites as authority.

The Supreme Court majority, approving the holding, said, "To give supremacy to Federal regulations no more affects community property law than laws of descent and distribution." [318 S.W.2d 442] The dissenting opinion is carefully limited to a discussion of problems relating to such bonds. Taking cognizance of the quoted language, the minority implies the decision is so restricted and urges the alternative that if the wife dies first, the ruling should not apply.

If we let the stock certificates before us replace the bonds in the Ricks case, and substitute the words "as joint tenants with right of survivorship and not as tenants in common" for the Treasury regulations held to become a part of the bonds by contract, the apparent basis of the Ricks decision is inapplicable, since it is not thereby necessary "to give supremacy to Federal regulations" affecting community property law.

Chandler v. Kountze, Tex.Civ.App., 130 S.W.2d 327, writ refused, is not controlling here. It involved neither community property nor husband and wife. It is merely the source of the change in Art. 2580 by Sec. 46, Probate Code, Vernon's Ann. Tex.Civ.Stats.

Shroff v. Deaton, Tex.Civ.App., 220 S. W.2d 489, no rehearing, quoted the Chan-

dler opinion without reference to the distinction; but the court determined it was bound by an unchallenged fact finding of gift. Of the decision it is said, "The added finding of a gift of the account seems to control the reasoning." IX Baylor L. Rev. 118, 123.

Adams v. Jones, Tex.Civ.App., 258 S.W.2d 401, no rehearing, involved separate funds and a joint tenancy bank account of uncle and niece. It followed Chandler v. Kountze and is also inapplicable. It also was decided before the adoption of the Probate Code.

Edds v. Mitchell, 143 Tex. 307, 184 S.W.2d 823, 158 A.L.R. 470, involved only the question of whether a life tenant under her husband's will was authorized thereby to purchase bonds payable on the death of the life tenant to another person. The court held the will authorized the life tenant so to dispose of the estate. The Federal regulations were material only against contentions as to gift or will and in determining the transaction rested in contract. The present question was not involved.

We have analyzed these cases relied on by appellant to show they are not applicable or controlling. The Dallas Court of Civil Appeals concluded in Reed v. Reed, Tex.Civ.App., 283 S.W.2d 311, no writ hist., that a survivorship agreement similar to ours did not vest separate ownership in the surviving widow. In Steffens v. Pollard, Tex.Civ.App., 319 S.W.2d 447, the same court construed the Ricks case as requiring it to hold to the contrary. The Supreme Court granted writ of error on the precise point before us.

We hold the property involved here retained its community status notwithstanding the quoted provision. Sec. 15, Art. 16, Constitution of Texas; Art. 4624a, Vernon's Ann.Tex.Civ.Stats.

Judgment is affirmed.