Herbert Ward SCOTT and Roseann
Louise Brown Scott,
Appellants,

v.

COMMERCIAL SERVICES OF
PERRY, INC., Appellee.

No. 12–01–00233–CV.

Court of Appeals of Texas,
Tyler.

July 9, 2003.

Loren Gibson, McCaffrey & Tawwater, Oklahoma City, OK, for appellants.

Larry Powers, for appellee.

Panel consisted of WORTHEN, C.J., and GRIFFITH, J.

### OPINION

SAM GRIFFITH, Justice.

Herbert Ward Scott and Roseann Louise Brown Scott ("the Scotts") appeal the trial court's summary judgment in favor of Commercial Services of Perry, Inc. ("Commercial Services"). In three issues, the Scotts complain that the trial court erred in granting summary judgment on two outstanding notes, and in denying their request to conduct further discovery. We affirm in part and reverse and remand in part.

### BACKGROUND

In July 1993 and May 1994, the Scotts obtained federally guaranteed agricultural loans from Southwest Bank of Jennings, Louisiana to purchase and operate a dairy farm in Sulphur Springs, Texas. Accord-

ing to the Scotts, an employee of Southwest Bank misrepresented the Scotts' assets and liabilities in order to obtain the Farm Service Agency's ("FSA") guarantee of the loans at issue. In November 1997, Southwest Bank failed and the Federal Deposit Insurance Corporation ("FDIC") was appointed receiver of the bank. In March 1999, Commercial Services purchased the Scotts' loans from the FDIC as part of a bulk purchase. The notes were in default at the time Commercial Services purchased them. Commercial Services made demand upon the Scotts for payment of the notes, and when the payment was not forthcoming, posted the dairy for foreclosure. The Scotts then filed a declaratory action requesting injunctive relief and asking the court to find that the notes were vitiated by the Southwest Bank employee's fraud and, thus, legally unenforceable. They also requested that the trial court order Commercial Services to perform on a loan servicing agreement pursuant to the Consolidated Farmer Rural Development Act, 7 U.S.C.A. § 1921 (West 1999). Commercial Services filed a motion for summary judgment, which the trial court granted. This appeal followed.

### STANDARD OF REVIEW

In reviewing a traditional motion for summary judgment,[1] this court must apply the standards established in *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985), which are

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favor-

able to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*See Nixon*, 690 S.W.2d at 548–49. For a party to prevail on a motion for summary judgment, he must conclusively establish the absence of any genuine question of material fact and that he is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c). A movant must either negate at least one essential element of the non-movant's cause of action, or prove all essential elements of an affirmative defense. *See Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995); *see also MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986). Since the burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant, we must view the evidence and its reasonable inferences in the light most favorable to the non-movant. *See Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). We are not required to ascertain the credibility of affiants or to determine the weight of evidence in the affidavits, depositions, exhibits and other summary judgment proof. *See Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929, 932 (1952). The only question is whether or not an issue of material fact is presented. *See* TEX.R. CIV. P. 166a(c). Once the movant has established a right to summary judgment, the non-movant has the burden to respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment. *See, e.g., City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex.1979).

All theories in support of or in opposition to a motion for summary judgment

---

1. TEX.R. CIV. P. 166a(c).

must be presented in writing to the trial court. *See* Tex.R. Civ. P. 166 a(c). If a theory is not expressly presented to the trial court, it shall not be considered on appeal as grounds for reversal. *Id.* When a summary judgment does not specify or state the grounds relied on, the summary judgment will be affirmed on appeal if any of the grounds presented in the motion are meritorious. *See Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex.1995).

### COMMERCIAL SERVICES' MOTION FOR SUMMARY JUDGMENT

In its motion for summary judgment, Commercial Services argued that the provisions of the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"), specifically 12 U.S.C.A. § 1823(e) (West 2001), precluded the Scotts' assertion of personal defenses against it, since it is a transferee of the FDIC. Commercial Services also asserted that, without regard to the application of § 1823(e), the fraud complained of was perpetuated on the FSA, not the Scotts. Consequently, it had no legal effect upon their responsibility under the note.

On appeal, the Scotts assert three issues: 1) whether the *D'Oenche, Duhme* doctrine,[2] 12 U.S.C.A. § 1823(e), or the federal holder-in-due-course doctrine permits a purchaser of notes from the FDIC to foreclose on the notes, when the purchaser had actual knowledge that the underlying notes were secured by the fraudulent activities of the original lending bank, for which the banker received a criminal conviction; 2) whether the trial court abused its discretion in granting summary judgment, despite a lack of discovery and the Scotts' requesting discovery on the nature of the fraud perpetrated against them; and 3) whether the trial court erred in granting summary judgment when the holder of the note breached its contract with the borrower by failing to provide or consider loan servicing options or restructuring before foreclosure.

### Proof Sufficient to Foreclose

In order to recover under the notes, Commercial Services had to establish (1) the notes in question, (2) that the Scotts signed the notes, (3) that Commercial Services was the legal owner and holder of the notes, and (4) that a certain balance was due and owing under the notes. *Cockrell v. Republic Mortgage Inc.*, 817 S.W.2d 106, 111 (Tex.App.-Dallas 1991, no writ). A lender need not file detailed proof reflecting the calculations of the balance due on a note; an affidavit by a bank employee which sets forth the total balance due on a note is sufficient to sustain an award of summary judgment. *Martin v. First Republic Bank Fort Worth*, 799 S.W.2d 482, 485 (Tex.App.-Fort Worth 1990, writ denied).

Commercial Services' summary judgment evidence included the original promissory notes and the transfer of those notes from the FDIC as receiver for the Southwest Bank to Commercial Services. It also attached the affidavit of Don Wilson, a loan analyst for Commercial Services, in which he described the notes and the unpaid balance of each. We hold that Commercial Services conclusively established the absence of any genuine question of material fact and that it was entitled to judgment as a matter of law on the promissory notes.

### Applicability of the Holder–in–Due–Course Doctrines

In response to Commercial Services' motion for summary judgment, the

---

**2.** *D'Oench, Duhme & Co. v. Federal Deposit Ins. Corp.*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942).

Scotts discussed at length the different doctrines which were created to "to allow federal and state bank examiners to rely on a bank's records in evaluating the worth of the bank's assets" and "to ensure mature consideration of unusual loan transactions by senior bank officials, and prevent fraudulent insertion of new terms, with the collusion of bank employees, when a bank appears headed for failure." *Langley v. Federal Deposit Ins. Corp.*, 484 U.S. 86, 91–92, 108 S.Ct. 396, 401, 98 L.Ed.2d 340 (1987). The import of these doctrines is that they bar makers of negotiable instruments from asserting personal defenses to liability against the FDIC where the FDIC acquires the instrument by purchase and assumption from a troubled financial institution. *See Federal Deposit Ins. Corp. v. Byrne*, 736 F.Supp. 727, 730 (N.D.Tex.1990). The doctrines also preclude assertion of personal defenses against a transferee of the FDIC that acquires a negotiable instrument for value, in good faith, and without notice of any defense. *See Byrne*, 736 F.Supp. at 730. The Scotts argued that Commercial Services was not a holder in due course, and that the Scotts could assert their fraud defense because Commercial Services knew about the actions of the bank's employee before it purchased their notes. In the alternative, the Scotts maintained that even if Commercial Services *was* a holder in due course, fraud in the factum precluded Commercial Services' claims on the notes. Fraud in the factum is a real defense which invalidates a note, rendering the note unenforceable by anyone, even a holder in due course. *See FDIC v. Wood*, 758 F.2d 156, 158–60 (6th Cir.1985). We find it unnecessary to review the various doctrines, however, because the Scotts do not have a defense, personal or real, which would allow them to avoid the notes.

The Scotts asserted in their response to the motion for summary judgment that the Southwest Bank employee who provided false information about the Scotts' financial situation perpetrated a fraud against *them*. Certainly, rescission of a contract is available as an alternative to damages in cases in which one contracting party is induced to contract by the fraud of the other. *Bank One v. Stewart*, 967 S.W.2d 419, 455 (Tex.App.-Houston [14th Dist.] 1998, pet. denied). Generally, actionable fraud occurs when (1) a party makes a material representation that (2) is false, (3) the party knows it is false or makes it recklessly without any knowledge of its truth and as a positive assertion (4) with the intention that the other party act upon it, and (5) the other party relies or acts upon the misrepresentation and (6) thereby suffers injury. *See Insurance Co. of N. Am. v. Morris*, 981 S.W.2d 667, 674 (Tex.1998). However, in the case before us, the contract which was induced by the alleged fraud was the contract entered into by the FSA to guarantee the loan. The Scotts were not induced to enter into the loan agreement with the bank because of the false information; instead, the FSA was the party against which the fraud was perpetrated. Further, although the Scotts may have been duped into signing the application without knowledge of the contents therein, which would be classified as fraud in the factum, they received the loans which they applied for and under the terms agreed upon. Again, the FSA was the party against which the fraud was perpetrated, not the Scotts. Therefore, the Scotts failed in their burden to present to the trial court any issues that would preclude summary judgment on the notes. We hold, therefore, that the trial court did not err when it granted summary judgment on the promissory notes, and we overrule issue one.

### Breach of Loan Servicing Agreement

 In the order granting summary judgment, the trial court granted judgment in favor of Commercial Services on all of the Scotts' claims. However, in their motion for summary judgment Commercial Services neither attempted to negate at least one element of the cause of action for breach of its duty to service the loan, nor did it assert any defense thereto. We hold, therefore, that the trial court erred when it granted summary judgment for Commercial Services on the issue of breach of a loan servicing agreement. Accordingly, we sustain issue three.

### DISCOVERY

 In their second issue, the Scotts complain that the trial court abused its discretion when it granted summary judgment for Commercial Services before they could conduct discovery to fully develop their fraud theory. The Scotts state in their appellate brief that they requested additional time to conduct discovery, but they failed to give us the record cite for this request. However, after a thorough review of the record, we have been able to locate the Scotts' request in their response to Commercial Services' motion for summary judgment. In the midst of their discussion of fraud in the factum, they asked the trial court to allow additional discovery and depositions.

When a party contends that it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance. TEX.R. CIV. P. 166a(g); *Tenneco Inc. v. Enterprise Prod. Co.*, 925 S.W.2d 640, 647 (Tex.1996). The Scotts did neither. Consequently, they waived error and there is nothing for us to review.

 If the Scotts *had* preserved error on this issue, we would review the trial court's denial of their request under an abuse of discretion. *See National Union Fire Ins. Co. v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex.1995). Upon a review of the record, we find that eleven months elapsed between the filing of the suit and the hearing on the motion for summary judgment. There is no evidence before us that during those eleven months the Scotts served interrogatories, requests for production, requests for admissions, or notices of intent to take oral depositions upon Commercial Services. We hold that upon these facts, the trial court did not abuse its discretion when it did not allow additional time to conduct discovery. Accordingly, we overrule issue two.

We *affirm* the summary judgment for Commercial Services on the promissory notes, but *reverse* and *remand* the summary judgment on the breach of a loan servicing agreement.