Bobby J. WHEELER, Jr., Appellant,

v.

SECURITY STATE BANK,
N.A., Appellee.

No. 06–04–00034–CV.

Court of Appeals of Texas,
Texarkana.

Submitted Nov. 18, 2004.

Decided March 3, 2005.

Bobby J. Wheeler, Jr., Edinburg, pro se.

Karen Bishop, Bishop & Bishop, PC, Gilmer, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

Bobby J. Wheeler, Jr., acting pro se, claims on appeal, as he asserted in the trial court, that he did not sign the larger of two promissory notes in favor of Security State Bank, N.A., on which the Bank obtained summary judgment against him. Because Wheeler failed both to verify his denial of the signature and to respond to the Bank's motion for summary judgment, his defense fails.[1] We affirm the judgment.

---

1. The summary judgment evidence showed that two promissory notes were executed between Bobby J. Wheeler, Jr., and Security State Bank. Note 1, executed April 1, 2000, was in the amount of $16,005.12, plus interest, and granted the Bank a security interest in certain personal property. Note 2, executed May 10, 2000, was an unsecured note in the amount of $400.12, plus interest. Each note provided that, in the event of default, the

The question on appeal of a summary judgment is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. Gen. Motors Corp.*, 450 S.W.2d 827 (Tex.1970).

In answering the above question, we must follow certain well-established rules. Summary judgment shall be rendered if it is shown that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). The burden of proof is on the movant, and all doubts as to the existence of a genuine issue of material fact are resolved against him. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985). The evidence must be viewed in the light most favorable to the party opposing the motion. *Id.* at 548–49. All conflicts in the evidence are disregarded, and the evidence which tends to support the position of the party opposing the motion is accepted as true. *Id.*

■ Evidence which favors the movant's position is not considered unless it is uncontradicted. *Great Am. Reserve Ins. Co.*, 391 S.W.2d at 47. If such uncontradicted evidence is from an interested witness, it cannot be considered as doing more than raising an issue of fact unless it is clear, direct, and positive, and there are no circumstances in evidence tending to discredit or impeach such testimony. *Id.* This exception is especially true where the opposite party has the means and opportunity of disproving the testimony, if it is not true, and fails to do so. *Id.* After all the evidence has been sifted in this manner, the trial court must determine whether the movant is entitled to a judgment as a matter of law. *Id.* Issues not expressly presented to the trial court by written motion, answer, or other response shall not be considered on appeal as grounds for reversal.[2] Tex.R. Civ. P. 166a(c).

With these rules in mind, we hold that (1) the challenged signature's authenticity is not before this Court, and (2) the Bank's summary judgment evidence is legally sufficient, entitling it to judgment as a matter of law.

### 1. The Authenticity of the Challenged Signature Is Not Before This Court

■ The issue regarding the authenticity of the challenged signature is not before this Court. Rule 93(7) of the Rules of Civil Procedure requires that a party denying the execution of a document must file a verified pleading of their contentions.

balance owed would become immediately due and payable at the Bank's option. Wheeler also agreed to pay reasonable attorney's fees incurred to enforce the Bank's rights under the notes upon default.

Wheeler defaulted on the notes. After the Bank made demand for the amounts due, it filed suit for collection October 8, 2003. Wheeler filed his unverified answer October 21, 2003, in which he challenged the authenticity of the signature of Note 1. He accepted his obligation to pay under Note 2.

The Bank moved for summary judgment January 27, 2004. In support of its motion for summary judgment, the Bank presented the affidavit of Josh Honea, Vice President of Security State Bank, and Karen Bishop, the Bank's attorney. The Bank also attached copies of both notes to Honea's affidavit. Wheeler failed to respond to the Bank's motion for summary judgment. On February 27, 2004, the trial court granted judgment in favor of the Bank in the amount of $18,943.84, representing the balances due on the notes and reasonable and necessary attorney's fees.

**2.** The terms "answer" and "response" as used in the context of the rule clearly refer to the motion, not to the pleadings generally. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979).

TEX.R. CIV. P. 93(7). Absent such a verified pleading, the document is received into evidence as fully proved. *Boyd v. Diversified Fin. Sys.*, 1 S.W.3d 888, 891 (Tex.App.-Dallas 1999, no pet.).

■ Wheeler's answer to the Bank's petition was unverified. Both promissory notes thus came into evidence fully proved.[3] Wheeler's assertions regarding the authenticity of the signature on the larger note were not before the trial court and, subsequently, are not before this Court.

■ We must then frame the issue before us in a manner consistent with the status of the pleadings below. Wheeler failed to file a verified answer and also failed to respond to the motion for summary judgment. When a party does not respond to a motion for summary judgment, on appeal he may complain only that the proof supporting the summary judgment is insufficient as a matter of law. *Clear Creek Basin Auth.*, 589 S.W.2d at 678. We will, therefore, address the legal sufficiency of the Bank's summary judgment evidence as the sole issue presented on appeal.

### 2. The Bank's Summary Judgment Evidence Is Legally Sufficient

■ To prevail on a motion for summary judgment to enforce a promissory note, a plaintiff must establish that (1) a note exists, (2) the plaintiff is the legal owner and holder of the note, (3) the defendant is the maker of the note, and (4) a certain balance is due and owing on the note. *Scott v. Commercial Servs. of Per-*

*ry, Inc.*, 121 S.W.3d 26, 29 (Tex.App.-Tyler 2003, pet. denied). If no genuine issue of material fact exists as to any of these elements, the plaintiff is entitled to summary judgment as a matter of law. *See* TEX.R. CIV. P. 166a(c).

■ Here, the Bank established all four elements as a matter of law. First, it established existence of the notes by attaching true and correct copies of the notes as exhibits to its motion and filing a sworn affidavit in verification of the copies. A photocopy of a promissory note, attached to an affidavit in which the affiant swears that the photocopy is a true and correct copy of the original note, is proper summary judgment proof which establishes the existence of the note. *Johnson,* 610 S.W.2d 143; *Town N. Nat'l Bank v. Broaddus,* 569 S.W.2d 489, 490 (Tex.1978); *Blankenship v. Robins,* 899 S.W.2d 236, 238 (Tex.App.-Houston [14th Dist.] 1994, no writ).

■ Second, the Bank established ownership and possession of the notes when Honea's affidavit recited that Wheeler "executed and delivered to [the Bank]" both promissory notes. A summary judgment may be based on uncontroverted testimonial evidence of an interested witness if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted. TEX.R. CIV. P. 166a(c); *Great Am. Reserve Ins. Co.,* 391 S.W.2d at 47.

Next, to prove that the defendant is the maker of the note, the plaintiff must pres-

---

**3.** Even if Wheeler's answer would have met the requirements of Rule 93(7) of the Texas Rules of Civil Procedure, his subsequent failure to respond to the Bank's motion for summary judgment would have waived this issue on appeal. Rule 166a(c) of the Texas Rules of Civil Procedure requires that contentions be expressly presented in the written motion or in a written answer or response to the mo-

tion. TEX.R. CIV. P. 166a(c); *Clear Creek Basin Auth.,* 589 S.W.2d at 678. Pleadings do not constitute summary judgment proof. *Clear Creek Basin Auth.,* 589 S.W.2d at 678; *Hidalgo v. Sur. Sav. & Loan Ass'n,* 462 S.W.2d 540 (Tex.1971). Even sworn pleadings are not summary judgment evidence. *See Americana Motel, Inc. v. Johnson,* 610 S.W.2d 143 (Tex. 1980).

ent summary judgment evidence indicating that the defendant's signature appears on the note or that a representative of the defendant signed the note on the defendant's behalf.[4] TEX. BUS. & COM.CODE ANN. § 3.401(a) (Vernon 2002). As discussed above, the Bank established that Wheeler signed the notes because Wheeler failed to deny the authenticity of the signatures by verified answer, and the notes were received as fully proved. *See* TEX.R. CIV. P. 93(7).

Finally, Honea established a balance due and owing on the notes by stating in his affidavit that, as of July 24, 2004, there remained due and owing on the notes a total of $16,321.99, with interest accruing at the rate of $8.05 per day. Additionally, legal counsel's affidavit established the amount of reasonable and necessary attorney's fees at $875.00. A lender need not file detailed proof reflecting the calculations of the balance due on a note; an affidavit by a bank employee which sets forth the total balance due on a note is sufficient to sustain an award of summary judgment. *Scott,* 121 S.W.3d at 29; *Martin v. First Republic Bank, Fort Worth,* 799 S.W.2d 482, 485 (Tex.App.-Fort Worth 1990, writ denied).

The Bank's summary judgment evidence established that it was entitled to judgment on the notes as a matter of law. There being no other evidence before the trial court, summary judgment was properly entered for the Bank. We overrule Wheeler's contentions and affirm the trial court's judgment.

---

4. A person is not liable on an instrument unless the person (1) signed the instrument, or (2) is represented by an agent or representative who signed the instrument and the signature is binding on the represented person under Section 3.402 of the Texas Business and Commerce Code. TEX. BUS. & COM.CODE ANN. § 3.401(a).