In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00034-CV
______________________________


BOBBY J. WHEELER, JR., Appellant
 
V.
 
SECURITY STATE BANK, N.A., Appellee


                                              

On Appeal from the 115th Judicial District Court
Upshur County, Texas
Trial Court No. 696-03


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Chief Justice Morriss


O P I N I O N

            Bobby J. Wheeler, Jr., acting pro se, claims on appeal, as he asserted in the trial court, that
he did not sign the larger of two promissory notes in favor of Security State Bank, N.A., on which
the Bank obtained summary judgment against him. Because Wheeler failed both to verify his denial
of the signature and to respond to the Bank's motion for summary judgment, his defense fails.


 We
affirm the judgment. 
            The question on appeal of a summary judgment is whether the summary judgment proof
establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential
elements of the plaintiff's cause of action. Gibbs v. Gen. Motors Corp., 450 S.W.2d 827 (Tex.
1970).
            In answering the above question, we must follow certain well-established rules. Summary
judgment shall be rendered if it is shown that there is no genuine issue as to any material fact and
that the moving party is entitled to a judgment as a matter of law. Great Am. Reserve Ins. Co. v. San
Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965). The burden of proof is on the
movant, and all doubts as to the existence of a genuine issue of material fact are resolved against
him. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985). The evidence must be
viewed in the light most favorable to the party opposing the motion. Id. at 548–49. All conflicts in
the evidence are disregarded, and the evidence which tends to support the position of the party
opposing the motion is accepted as true. Id.
            Evidence which favors the movant's position is not considered unless it is uncontradicted. 
Great Am. Reserve Ins. Co., 391 S.W.2d at 47. If such uncontradicted evidence is from an interested
witness, it cannot be considered as doing more than raising an issue of fact unless it is clear, direct,
and positive, and there are no circumstances in evidence tending to discredit or impeach such
testimony. Id. This exception is especially true where the opposite party has the means and
opportunity of disproving the testimony, if it is not true, and fails to do so. Id. After all the evidence
has been sifted in this manner, the trial court must determine whether the movant is entitled to a
judgment as a matter of law. Id. Issues not expressly presented to the trial court by written motion,
answer, or other response shall not be considered on appeal as grounds for reversal.


 Tex. R. Civ.
P. 166a(c).
            With these rules in mind, we hold that (1) the challenged signature's authenticity is not before
this Court, and (2) the Bank's summary judgment evidence is legally sufficient, entitling it to
judgment as a matter of law.
1. The Authenticity of the Challenged Signature Is Not Before This Court
            The issue regarding the authenticity of the challenged signature is not before this Court. Rule
93(7) of the Rules of Civil Procedure requires that a party denying the execution of a document must
file a verified pleading of their contentions. Tex. R. Civ. P. 93(7). Absent such a verified pleading,
the document is received into evidence as fully proved. Boyd v. Diversified Fin. Sys., 1 S.W.3d 888,
891 (Tex. App.—Dallas 1999, no pet.).
            Wheeler's answer to the Bank's petition was unverified. Both promissory notes thus came
into evidence fully proved.


 Wheeler's assertions regarding the authenticity of the signature on the
larger note were not before the trial court and, subsequently, are not before this Court.
            We must then frame the issue before us in a manner consistent with the status of the
pleadings below. Wheeler failed to file a verified answer and also failed to respond to the motion
for summary judgment. When a party does not respond to a motion for summary judgment, on
appeal he may complain only that the proof supporting the summary judgment is insufficient as a
matter of law. Clear Creek Basin Auth., 589 S.W.2d at 678. We will, therefore, address the legal
sufficiency of the Bank's summary judgment evidence as the sole issue presented on appeal.
2. The Bank's Summary Judgment Evidence Is Legally Sufficient

            To prevail on a motion for summary judgment to enforce a promissory note, a plaintiff must
establish that (1) a note exists, (2) the plaintiff is the legal owner and holder of the note, (3) the
defendant is the maker of the note, and (4) a certain balance is due and owing on the note. Scott v.
Commercial Servs. of Perry, Inc., 121 S.W.3d 26, 29 (Tex. App.—Tyler 2003, pet. denied). If no
genuine issue of material fact exists as to any of these elements, the plaintiff is entitled to summary
judgment as a matter of law. See Tex. R. Civ. P. 166a(c).
            Here, the Bank established all four elements as a matter of law. First, it established existence
of the notes by attaching true and correct copies of the notes as exhibits to its motion and filing a
sworn affidavit in verification of the copies. A photocopy of a promissory note, attached to an
affidavit in which the affiant swears that the photocopy is a true and correct copy of the original note,
is proper summary judgment proof which establishes the existence of the note. Johnson, 610 S.W.2d
143; Town N. Nat'l Bank v. Broaddus, 569 S.W.2d 489, 490 (Tex. 1978); Blankenship v. Robins, 899
S.W.2d 236, 238 (Tex. App.—Houston [14th Dist.] 1994, no writ).
            Second, the Bank established ownership and possession of the notes when Honea's affidavit
recited that Wheeler "executed and delivered to [the Bank]" both promissory notes. A summary
judgment may be based on uncontroverted testimonial evidence of an interested witness if the
evidence is clear, positive and direct, otherwise credible and free from contradictions and
inconsistencies, and could have been readily controverted. Tex. R. Civ. P. 166a(c); Great Am.
Reserve Ins. Co., 391 S.W.2d at 47. 
            Next, to prove that the defendant is the maker of the note, the plaintiff must present summary
judgment evidence indicating that the defendant's signature appears on the note or that a
representative of the defendant signed the note on the defendant's behalf.


 Tex. Bus. & Com. Code
Ann. § 3.401(a) (Vernon 2002). As discussed above, the Bank established that Wheeler signed the
notes because Wheeler failed to deny the authenticity of the signatures by verified answer, and the
notes were received as fully proved. See Tex. R. Civ. P. 93(7).
            Finally, Honea established a balance due and owing on the notes by stating in his affidavit
that, as of July 24, 2004, there remained due and owing on the notes a total of $16,321.99, with
interest accruing at the rate of $8.05 per day. Additionally, legal counsel's affidavit established the
amount of reasonable and necessary attorney's fees at $875.00. A lender need not file detailed proof
reflecting the calculations of the balance due on a note; an affidavit by a bank employee which sets
forth the total balance due on a note is sufficient to sustain an award of summary judgment. Scott,
121 S.W.3d at 29; Martin v. First Republic Bank, Fort Worth, 799 S.W.2d 482, 485 (Tex.
App.—Fort Worth 1990, writ denied).
            The Bank's summary judgment evidence established that it was entitled to judgment on the
notes as a matter of law. There being no other evidence before the trial court, summary judgment 
 
 
 
 
was properly entered for the Bank. We overrule Wheeler's contentions and affirm the trial court's
judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          November 18, 2004
Date Decided:             March 3, 2005




t after
his recapture, he was subjected to ridicule when sheriff's officers chained him to a stairway within
the view of the jail population and that he was told that he would remain chained and in leg irons and
would not be allowed visits, telephone use, or mail until the investigation was complete-unless he
signed a confession. (2) 

 The record shows that he was placed in leg irons and chained to a stairway after his recapture,
but he directs us to nothing in this record to support his further statements. Further, there was no
objection to the admission of his confession. A failure to object to the admission of evidence waives
any complaint about its admission. Ethington v. State, 819 S.W.2d 854 (Tex. Crim. App. 1991). 
The contention of error is overruled.

 Schumacher finally contends that the five offenses were improperly joined together for the
punishment hearing. However, a formal agreed order was signed by Schumacher, his counsel, the
prosecutor, and the trial judge, in which Schumacher agreed to have the cases tried together, and
which specified that all sentences from the five offenses would run concurrently. Error has not been
shown.

 The judgment is affirmed.




 Ben Z. Grant

 Justice

 

Date Submitted: December 7, 2001

Date Decided: December 10, 2001


Publish
1. This case was summarily reversed and remanded by the Texas Court of Criminal Appeals
for the Corpus Christi court to review allegations of error in jury voir dire. The order of reversal is
unreported. We are aware of it only because it is discussed briefly in an order issued by the Corpus
Christi court on remand, in which it abated the case for a hearing. Williams v. State, 736 S.W.2d 906
(Tex. App.-Corpus Christi 1987, order). The final opinion in this case is found at Williams v. State,
752 S.W.2d 729 (Tex. App.-Corpus Christi 1988, no pet.).
2. In his discussion under his next point of error, Schumacher asks this court to investigate
death threats from a fellow prisoner. He states that the other prisoner was convicted of attempted
rape and attempted murder of Schumacher's wife and that he was intentionally housed within ten feet
of Schumacher in the local jail. None of this information appears in the record. Although this may
be a supporting issue in a writ of habeas corpus based on claims of ineffective assistance of counsel
in relation to his guilty plea, in the absence of a record we cannot consider his contention in this
direct appeal.