COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS




JIMMY LEE SWEED,

                            Appellant,

v.

THE CITY OF EL PASO,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-05-00149-CV

Appeal from the

327th District Court 

of El Paso County, Texas 

(TC# 2003-5614) 




O P I N I O N

           This is an appeal from a plea to the jurisdiction granted in favor of Appellee, City of
El Paso. In a single issue on appeal, Appellant asserts the trial court abused its discretion in
granting Appellee’s plea to the jurisdiction. We affirm the judgment of the trial court.
I. FACTUAL AND PROCEDURAL BACKGROUND
           Appellant, appearing pro se, filed this lawsuit on December 19, 2003, asserting that 
Appellee’s foreclosure on his property, due to delinquent property taxes, constituted a
governmental taking of his property for public purposes without just compensation. 
Thereafter, Appellee filed its original answer. Subsequently, on October 6, 2004, Appellee
filed its plea to the jurisdiction and motion to dismiss. Appellee asserted that: (1) Appellant
failed to show Appellee waived its governmental immunity, and (2) that the case was not ripe
for disposition because Appellant and the other heirs remained owners of the property
because Appellee, while it had taken a lien-foreclosure judgment against the property, had
not executed such judgment via foreclosure proceedings. The trial court held a hearing and
granted Appellee’s plea to the jurisdiction, dismissing the case for lack of jurisdiction. This
appeal follows.
II. DISCUSSION
           In a single issue on appeal, Appellant asserts the trial court abused its discretion in
granting Appellee’s plea to the jurisdiction and motion to dismiss. Appellant argues that
Appellee committed an unconstitutional taking of his property without just compensation
when it secured a foreclosure judgment on the property for delinquent property taxes. 
Furthermore, Appellant argues that by ignoring the ripeness doctrine, the trial court abused
its discretion.
           We note at the outset that Appellant’s brief contains absolutely no citations to any
supporting case law or statutes, but is otherwise a simple narrative. Appellant’s issues are
minimally briefed and do not properly preserve error for review by this Court. A complaint
on appeal must address specific errors and not merely attack the trial court’s order in general
terms. McGuire v. McGuire, 4 S.W.3d 382, 385 (Tex. App.--Houston [1st Dist.] 1999, no
pet.); Hollifield v. Hollifield, 925 S.W.2d 153, 155 (Tex. App.--Austin 1996, no writ). The
argument does not cite to any cases which support an appellate argument. See Tex. R. App. 
P. 38.1(h); Stephens v. Dolcefino, 126 S.W.3d 120, 125-26 (Tex. App.--Houston [1st Dist.]
2003, pet. denied); Franz v. Katy Indep. Sch. Dist., 35 S.W.3d 749, 755 (Tex. App.--Houston
[1st Dist.] 2000, no pet.).
           Appellant’s brief must contain a succinct, clear, and accurate statement of the
arguments made in the body of the brief. Tex. R. App. P. 38.1(g). Rule 38 requires
Appellant to provide us with such discussion of the facts and the authorities relied upon as
may be requisite to maintain the point at issue. See Tesoro Petroleum Corp. v. Nabors
Drilling USA, Inc., 106 S.W.3d 118, 128 (Tex. App.--Houston [1st Dist.] 2002, pet. denied); 
Franklin v. Enserch, Inc., 961 S.W.2d 704, 711 (Tex. App.--Amarillo 1998, no pet.). This
is not done by merely uttering brief conclusory statements, unsupported by legal citations. 
Tesoro Petroleum Corp., 106 S.W.3d at 128. By presenting such attenuated, unsupported
argument, Appellant waives his complaint.
           Furthermore, we note that the transcript of the plea to the jurisdiction and motion to
dismiss hearing are absent from the record. An appellate court may reverse a trial court for
abuse of discretion only if, after searching the record, it is clear that the trial court’s decision
was arbitrary and unreasonable. Landry v. Travelers Ins. Co., 458 S.W.2d 649, 651 (Tex.
1970). Hence, the party that complains of abuse of discretion has the burden to bring forth
a record showing such abuse. See Englander Co. v. Kennedy, 428 S.W.2d 806, 807 (Tex.
1968). Absent such a record, the reviewing court must presume that the evidence before the
trial judge was adequate to support the decision. Mays v. Pierce, 281 S.W.2d 79, 154 Tex.
487 (1955). The reporter’s record containing a transcript of the hearing on the plea to the
jurisdiction and motion to dismiss was checked out by the Appellant on June 15, 2005 and
was to be returned by July 15, 2005. To this date, Appellant has not returned the reporter’s
record. Absent this record, we presume the evidence before the trial court was adequate to
support its granting of the plea to the jurisdiction in favor of Appellee and its dismissal of the
suit for lack of jurisdiction. See id. For these reasons, we overrule Appellant’s Issue No.
One.
           Having overruled Appellant’s sole issue on review, we affirm the judgment of the trial
court.
                                                                  RICHARD BARAJAS, Chief Justice

May 25, 2006

Before Panel No. 5
Barajas, C.J., McClure, and Parks, JJ.
Parks, J., sitting by assignment