In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-07-109 CV


____________________



LISA M. ADAMS, Appellant



V.



LVNV FUNDING LLC, Appellee






On Appeal from the County Court at Law No. 2


Montgomery County, Texas


Trial Cause No. 06-04-03921-CV






 MEMORANDUM OPINION 


 Proceeding pro se, Lisa M. Adams appeals a summary judgment granted against her
and in favor of appellee, LVNV Funding LLC ("LVNV"). We affirm.

 Relying on Adams's deemed admissions, LVNV filed a motion for summary
judgment. Adams, who was a pro se defendant, did not respond to the motion. After the trial
court granted summary judgment to LVNV, Adams appealed. She raises a single appellate
issue; she contends that summary judgment against her was improper because the limitations
period for LVNV's cause of action had expired. 

 Adams, however, did not present this issue to the trial court in response to LVNV's
motion for summary judgment. Thus, we cannot consider her limitations issue as grounds
for reversing the summary judgment. See Tex. R. Civ. P. 166a(c) ("Issues not expressly
presented to the trial court by written motion, answer or other response shall not be
considered on appeal as grounds for reversal."); McConnell v. Southside Indep. Sch. Dist.,
858 S.W.2d 337, 343 (Tex. 1993) (citing City of Houston v. Clear Creek Basin Auth., 589
S.W.2d 671, 678 (Tex. 1979)). (1) When a non-movant fails to respond to a summary judgment
motion, "the non-movant is limited on appeal to arguing the legal sufficiency of the grounds
presented by the movant." McConnell, 858 S.W.2d at 343 (citing Clear Creek Basin Auth.,
589 S.W.2d at 678).

 Because Adams's issue does not attack the legal sufficiency of the grounds presented
by LVNV, we overrule it and affirm the trial court's judgment.
 AFFIRMED. 



 ____________________________

 HOLLIS HORTON

 Justice



Submitted on May 21, 2007

Opinion Delivered July 26, 2007

Before McKeithen, C.J., Gaultney and Horton, JJ.
1. While Adams raised the statute of limitations defense in her answer to LVNV's
original petition, she still was required to present it in response to LVNV's motion for
summary judgment; she could not rely on her pleadings to meet this requirement. See
Wheeler v. Sec. State Bank, N.A., 159 S.W.3d 754, 756 n.3 (Tex. App.-Texarkana 2005, no
pet.) (citing City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).