NO. 07-07-0182-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 8, 2007
_____

JANE KIBLER,

Appellant

v.

ROY GATES,

Appellee
_____

FROM COUNTY COURT at LAW NO. 2 of TRAVIS COUNTY;

NO. C-1-CV-06-005345; HON. ROSE SPECTOR, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Jane Kibler (Kibler), appearing *pro se,* appeals from a take-nothing judgment granted in favor of appellee Roy Gates (Gates) in her lawsuit to collect upon a promissory note. Through four issues, she contends that the trial court erred in entering such a judgment because Gates 1) failed to file a verified denial of the authenticity of his signature on the note, 2) failed to file any affirmative defenses in avoidance of her claims, 3) failed to file an accounting pleading his payment on the note, and 4) committed perjury

in his testimony which "perpetrate[d] a fraud on the Court . . . and upon Kibler." We reverse the judgment.

*Background*

Kibler purchased a 1999 Chevrolet Tahoe in 2001 and leased it to Gates.[1] Thereafter, she offered to sell the vehicle to him for $3000. To consummate the transaction, a $3000 promissory note was signed, and the truck was identified in the note as collateral securing payment. When the note came due in February of 2006, Gates failed to pay it. This instigated appellant's suit in the justice court for breach of contract and fraud.

The justice court held in favor of Kibler. However, upon Gates' appeal to a Travis County court at law, recovery was denied her. According to the county court, she allegedly failed to prove up the terms of the note or present sufficient evidence establishing the amount of money due. This was allegedly so despite Kibler tendering the written note into evidence, Gates admitting to the trial judge that he did not pay any of the $3000 upon maturity of the instrument, and Gates failing to file any pleadings (verified or otherwise) disputing the authenticity of his signature on the note or of the note itself or asserting any defenses to the instrument.

*Issues One, Two, and Three*

As previously mentioned, Kibler and Gates represented themselves *pro se* at trial. On appeal, Kibler acts *pro se* while Gates filed no responsive brief *pro se* or otherwise. Furthermore, through her first three issues she effectively questions why the trial court

---

[1]Kibler and Gates had resided together for a number of years, but were no longer doing so at the time of trial.

failed to award her judgment given what she believed to be the evidence of Gates' liability and his failure to present any pleadings asserting defenses to it. We too find fault in the trial court's decision.

Though not a negotiable promissory note, the written document nonetheless states that it is "payable to Jane Kibler in the original principal amount of $3000.00," payable in one payment with a "due date [of] February 1, 2006" and interest to accrue at an "annual percentage rate [of] 10%." Furthermore, the "borrower: Roy Gates" granted the "Lender [Jane Kibler] a security interest in" the truck for which the note was given, according to the face of the instrument. Finally, both Gates and Kibler signed the document on January 4, 2006. Despite the trial court's finding that there was "insufficient evidence of the terms of the alleged agreement," we hold that to be incorrect. As can be seen, the written note specifies the terms of the contract between Gates and Kibler. The former agreed to pay the latter $3000 plus interest at 10% per year on February 1, 2006. What terms went missing are unmentioned by the trial court, and we find none missing in this simple instrument.

As to the finding that there was "insufficient evidence that [Gates] owes the amount sought," Gates admitted to the trial court that he paid none of the $3000 when the note came due. This admission was in direct response to a question posed by the trial judge. Moreover, Gates filed no answer 1) setting forth any affirmative defense, 2) claiming payment, or 3) denying the authenticity of either his signature or the instrument. This is of import for one claiming that he did not execute a written document must so assert via a verified responsive pleading. TEX. R. CIV. P. 93(7) (requiring a party who denies the execution of any written instrument upon which any pleading is founded to do so by oath

3

in a responsive pleading). Should he not, then the instrument is received into evidence as fully proved. *Wheeler v. Security State Bank, N.A.,* 159 S.W.3d 754, 756-57 (Tex. App.– Texarkana 2005, no pet.); *Boyd v. Diversified Fin. Systems,* 1 S.W.3d 888, 891 (Tex. App.–Dallas 1999, no pet.). Similarly, a claim of payment is an affirmative defense that must be plead. TEX. R. CIV. P. 94. Should the defense not be so plead, the defendant waives it. *In re S.A.P.,* 156 S.W.3d 574, 576 (Tex. 2005). So, because Gates filed no responsive pleading asserting any defense or claim, he could not question his execution of the instrument. And, given his admission of non-payment and the clarity of the written terms contained in the instrument itself, we hold that Kibler proved, as a matter of law, Gates' liability to her for $3000 plus 10% interest per annum. In deciding otherwise, the trial court harmfully erred.

*Issue 4 - Perjured Testimony*

In her last issue, Kibler contends that Gates perjured himself in the courtroom and, thereby, committed a fraud upon her and the court. We overrule the issue.

Inconsistencies in the testimony of Gates was for the trial court, as fact finder, to resolve, and the weight of his testimony was to be determined by the trial court. *Rice Food Markets, Inc. v. Ramirez,* 59 S.W.3d 726, 736 (Tex. App.–Amarillo 2001, no pet.). To the extent that Kibler points out inconsistencies in his testimony in the justice court and the county court at law as proof of Gates' perjury, the same is not supported by the record because we have no transcript of the justice court trial before us. The same is also true of Kibler's complaint regarding statements made by Gates off the record. Though she attempted to establish them by attaching extrinsic matter to her brief, an appellate court

4

may not consider matter omitted from the appellate record. *Burke v. Insurance Auto Auctions Corp.,* 169 S.W.3d 771, 775 (Tex. App.–Dallas 2005, pet. denied). And, attaching such matter to the briefs or in an appendix does not make them part of the appellate record. *Bencon Management & General Contracting, Inc. v. Boyer, Inc.,* 178 S.W.3d 198, 210-11 (Tex. App.–Houston [14th Dist.] 2005, no pet.).

Accordingly, the judgment of the trial court is reversed and remanded to the trial court for further proceedings consistent with this opinion.


Per Curiam