TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00652-CV






John L. Taylor, Appellant


v.


The State of Texas, Appellee






FROM COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY

NO. 01-258855, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING





O P I N I O N


 The State of Texas sued John L. Taylor, appellant, for overdue payments on
student loans for which Taylor served as guarantor. The State attempted to serve process on Taylor
personally as authorized by Texas Rule of Civil Procedure 106(a), and when that failed it obtained
a court order permitting substituted service as authorized by Texas Rule of Civil Procedure 106(b). 
Notwithstanding the order, the State continued trying to serve Taylor personally in accordance with
Rule 106(a), and it eventually succeeded. Taylor did not file a responsive pleading, and the
county court subsequently entered a default judgment against him. On restricted appeal, Taylor
argues that personal service on him was forbidden once substituted service was authorized; that he
is entitled to a new trial because there is no record of the hearing on his default judgment; and that
the evidence supporting the default judgment is insufficient to establish liability. We will affirm the
default judgment.


FACTUAL AND PROCEDURAL BACKGROUND

 The State attempted to serve process on Taylor by certified mail. See Tex. R. Civ.
P. 106(a)(2). When that failed, the State obtained a court order permitting substituted process. See
Tex. R. Civ. P. 106(b). The order required that substituted process be served by (1) delivery of the
citation and petition to someone over sixteen years of age at Taylor's address or (2) attachment of
the citation and petition to Taylor's front door. The State nevertheless continued attempting to serve
Taylor by certified mail, and it eventually succeeded. 

 Taylor did not file an answer to the State's petition, and the State moved for
default judgment. After a hearing on the State's motion, which Taylor did not attend, the county
court entered default judgment against Taylor. The court based the amount of the judgment on
(1) the written records attached to the State's petition, which included copies of the promissory notes
at issue and a document summarizing the notes' payment history, and (2) an affidavit by the State's
custodian of records summarizing the amounts due.

 Taylor later filed this restricted appeal to contest the judgment. In five points of error,
he argues that personal service on him was forbidden once substituted service was authorized; that
he is entitled to a new trial because there is no record of the hearing on the State's motion for
default judgment; and that the evidence supporting the default judgment is insufficient to
establish liability. 

STANDARD OF REVIEW

 On restricted appeal, we will reverse a default judgment if error appears on the face
of the record. See Alexander v. Lynda's Boutique, 134 S.W.3d 845, 848 (Tex. 2004). "The face of
the record for purposes of a restricted appeal consists of all the papers on file before the judgment
as well as the reporter's record." Conseco Fin. Servicing Corp. v. Klein Indep. Sch. Dist., 78 S.W.3d
666, 670 (Tex. App.--Houston [14th Dist.] 2002, no pet.). 

 

DISCUSSION

Service of Process

 Taylor argues that once the county court issued an order authorizing substituted
service of process, the State could only serve process on him in the manner the order specified. 
Thus, he argues, service in accordance with Texas Rule of Civil Procedure 106(a)(2) rather than in
accordance with the order was improper. 

 Taylor is correct that when substituted service occurs, it must strictly comply with the
order authorizing it. See Becker v. Russell, 765 S.W.2d 899, 900 (Tex. App.--Austin 1989, no writ). 
But the broader rule that Taylor proposes--personal service is prohibited once substituted service
is authorized--would undermine the policies behind Texas's service-of-process rules.

 Because of its greater reliability, "Texas law prefers personal service over substitute
service." Vespa v. National Health Ins. Co., 98 S.W.3d 749, 751 (Tex. App.--Fort Worth 2003,
no pet.); accord Mylonas v. Texas Commerce Bank-Westwood, 678 S.W.2d 519, 522
(Tex. App.--Houston [14th Dist.] 1984, no writ) ("substituted service is not the preferred method"). 
For reasons of practicality, however, Texas allows substituted service, but only after personal service
fails. See State Farm Fire & Cas. Co. v. Costley, 868 S.W.2d 298, 298-99 (Tex. 1993) (per curiam). (1) 
 The reason substituted service must strictly comply with the order authorizing it is
that the order "is the sole basis of authority authorizing substituted service." Vespa, 98 S.W.3d at
752. But if service is made in compliance with Rule of Civil Procedure 106(a), as it was in this case,
then the Rule provides an independent basis of authority for service. That, in turn, obviates the need
for strict compliance with the order authorizing substituted service. Cf. Wilson v. Dunn, 800 S.W.2d
833, 836 (Tex. 1990) (jurisdiction can attach if citation is "issued and served in a manner provided
for by law"). 

 Put another way, personal service is explicitly sanctioned by Rule 106(a). Use of an
additional method of service under Rule 106(b) does not serve to void the existence and availability
of personal service under Rule 106(a). Nothing in the language of the Rule suggests as much, and
we decline to read such an illogical approach into the Rule. Thus, we overrule Taylor's first issue.


Record of Default Judgment Hearing

 Taylor next argues that he is entitled to a new trial because no record was made of
the hearing on the State's motion for default judgment. In support of this argument, Taylor cites
Smith v. Smith, 544 S.W.2d 121 (Tex. 1976), in which the Texas Supreme Court granted a new trial
where no record was made of a hearing on a motion for default judgment. 

 The Smith hearing concerned divorce and child custody. See id. at 122. The hearing
at issue here, by contrast, concerned the amount owed on promissory notes, which is a liquidated
claim. See First Nat'l Bank v. Shockley, 663 S.W.2d 685, 688 (Tex. App.--Corpus Christi 1983,
no writ) ("A liquidated claim is one that 'can be accurately calculated by the court, or under its
direction, from the allegations contained in plaintiff's petition in the instrument in writing.'")
(quoting Freeman v. Leasing Assocs., Inc., 503 S.W.2d 406, 408 (Tex. Civ. App.--Houston
[14th Dist.] 1973, no writ)). When default judgment is entered on a liquidated claim, "the rules of
the procedure contemplate that the plaintiff be awarded the damages without the necessity of a
hearing or the presentation of evidence." Id. at 688-89. See also Tex. R. Civ. P. 241 ("When a
judgment by default is rendered against the defendant, or all of several defendants, if the claim is
liquidated and proved by an instrument in writing, the damages shall be assessed by the court."). In
such circumstances, no reporter's record is required. See Whitaker v. Rose, 218 S.W.3d 216, 220-21
(Tex. App.--Houston [14th Dist.] 2007, no pet.) ("[T]he lack of a reporter's record in an appeal
from a no-answer default judgment does not constitute error on the face of the record."); Hahn
v. Whiting Petroleum Corp., 171 S.W.3d 307, 322 (Tex. App.--Corpus Christi 2005, no pet.)
(Castillo, J., dissenting) (where written records supporting default judgment are contained in
clerk's record, lack of reporter's record not reversible error); Barganier v. Saddlebrook Apts.,
104 S.W.3d 171, 175 (Tex. App.--Waco 2003, no pet.) (Vance, J., concurring) (same). Thus, we
overrule Taylor's second issue.


Sufficiency of Proof

 Taylor's final three points of error concern the written evidence submitted by the
State. Taylor argues that the evidence is insufficient to support the judgment because (1) his
signature is not clear on one of the promissory notes, (2) the promissory notes do not prove that the
loans were ever actually disbursed, and (3) the State's payment history document shows that
some interest was paid on the loans, but the judgment does not clearly provide an offset for
those payments.

 We believe that Taylor has waived these arguments, because each of them is
exceedingly brief (between one and three sentences long) and cites no authority. Brief, conclusory
statements, unsupported by legal citations, are insufficient to sustain an appellant's complaint. 
Sweed v. City of El Paso, 194 S.W.3d 684, 686 (Tex. App.--El Paso 2006, no pet.). See also
Tex. R. App. P. 38.1(i) (appellant's brief "must contain a clear and concise argument for the
contentions made, with appropriate citations to authorities and to the record") (emphasis added);
Harris County Mun. Util. Dist. No. 48 v. Mitchell, 915 S.W.2d 859, 866 (Tex. App.--Houston
[1st Dist.] 1995, writ denied) ("Although appellate courts generally construe the briefing rules
liberally, points of error unsupported by the citation of authority present nothing for the court to
review."). But even if Taylor has not waived these arguments, they fail on their merits. 

 Taylor has not properly denied that he executed the promissory notes at issue. To
deny the execution of a written instrument on which a pleading is founded, a defendant must file a
verified answer. See Tex. R. Civ. P. 93(7); Wheeler v. Security State Bank, N.A., 159 S.W.3d 754,
756-57 (Tex. App.--Texarkana 2005, no pet.) (promissory notes came into evidence as fully proved
where defendant denied authenticity of signatures on them but did not file verified answer). Taylor
did not do so here. In fact, he does not even deny that he signed the promissory notes; he simply
alleges that the signature on one of them is "blank or illegible." Moreover, the State's custodian of
records filed a sworn affidavit stating that Taylor signed the notes. That affidavit was properly
received in evidence. See Whitaker, 218 S.W.3d at 220-21. The same affidavit confirms that the
State did in fact disburse the loan proceeds. And finally, the State's payment history document,
which was also properly received in evidence, confirms that Taylor received credit for interest paid
on the loans. Thus, we overrule Taylor's third, fourth, and fifth points of error. 

CONCLUSION

 For the reasons stated above, we affirm the trial court's judgment.


 __________________________________________

 David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed

Filed: August 12, 2009
1. Service by certified mail, which is how the State served Taylor, qualifies as
personal service. See Tex. R. Civ. P. 106(a)(2); Devine v. Duree, 616 S.W.2d 439, 441 (Tex. Civ.
App.--Fort Worth 1981, writ dism'd by agr.).