*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



## MEMORANDUM OPINION

No. 04-10-00023-CV

Lloyd S. **GOODEN**,
Appellant

v.

**FIRST NATIONAL BANK**,
Appellee

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CI-06040
Honorable Michael Peden, Judge Presiding

Opinion by:     Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Steven C. Hilbig, Justice

Delivered and Filed: September 15, 2010

AFFIRMED

Lloyd S. Gooden appeals a traditional summary judgment granted in favor of First National Bank in a suit on a guaranty agreement. Gooden contends the Bank failed to conclusively establish a default on the underlying promissory note or the balance due and owing on the note. We affirm the trial court's judgment.

We review a traditional summary judgment *de novo*. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004). We consider the evidence in the light most favorable

to the non-movant and indulge all reasonable inferences and resolve any doubts in the non-movant's favor. *Id.* at 157. We will affirm a traditional summary judgment only if the movant established there are no genuine issues of material fact, and the movant is entitled to judgment as a matter of law. *Id.*

In order to recover on a breach of a guaranty agreement, the plaintiff must prove: (1) the existence and ownership of the guaranty agreement; (2) performance of the underlying contract by the holder; (3) the occurrence of the conditions upon which liability is based; and (4) the failure or refusal to perform the promise by the guarantor. *Byrd v. Estate of Nelms*, 154 S.W.3d 149, 157 (Tex. App.—Waco 2004, pet. denied); *Rivero v. Blue Keel Funding, L.L.C.*, 127 S.W.3d 421, 424 (Tex. App.—Dallas 2004, no pet.). The only issues raised by Gooden on appeal relate to the Bank's proof of default and the amount due on the underlying note.

The Bank submitted the affidavit of Jim Davis, the Bank's custodian of records. Davis states in his affidavit that the maker of the note defaulted in paying the scheduled payments due on the note under its terms, and notice of acceleration was given. Gooden contends in his brief that the affidavit is not sufficient proof "because the note's maturity was September 25, 2009, fifteen days after the granting of" the summary judgment. This contention ignores, however, that the note provided that monthly payments of accrued interest became due and payable beginning April 25, 2008, and continuing each month thereafter until the maturity date, which was September 25, 2009. Davis's statement that the maker of the note failed to make these scheduled payments is a factual statement sufficient to prove that the note was in default. Since Gooden did not respond to the Bank's motion or provide any controverting evidence, Davis's affidavit

was sufficient to conclusively establish a default.[1] *See First Gibraltar Bank, FSB v. Farley*, 895 S.W.2d 425, 430 (Tex. App.—San Antonio 1995, writ denied) (reviewing court only considers record as it existed prior to the granting of a summary judgment).

Gooden further challenges the evidence presented by the Bank with regard to the amount due and owing on the note. Gooden specifically complains that Davis's affidavit is conclusory and thus is no evidence. We disagree. In his affidavit, Davis first notes that true and correct copies of the note and guaranty agreement are attached to the affidavit. With regard to the balance due and owing, Davis states in his affidavit, "After every payment, and the above credit [for the sale of the collateral], has been applied, Defendant Lloyd S. Gooden, under his guaranty agreement owes Plaintiff $78,810.00 as principal and $32,508.95, as interest and late fees on the note as of July 13, 2009, together with late charges due. Interest continues to accrue thereafter at the rate of $19.7025 per day." "Courts do not usually require [a] movant to file detailed proof reflecting the calculations of the balance due on a note in order to support a motion for summary judgment." *Obasi v. Univ. of Ok. Health Science Ctr.*, No. 04-04-00016-CV, 2004 WL 2418009, at *1 (Tex. App.—San Antonio Oct. 24, 2004, pet. denied) (mem. op.); *see also Wheeler v. Security State Bank, N.A.*, 159 S.W.3d 754, 758 (Tex. App.—Texarkana 2005, no pet.). "Generally, an affidavit, based on personal knowledge, which identifies an attached copy of the actual note as being true and correct, the amount of the principal and interest owing on the date of default, and the interest rate accruing from the date of default is considered sufficient proof of the amount owing on the note." *Obasi*, 2004 WL 2418009, at *1; *see also Wheeler*, 159 S.W.3d at 758 (holding summary judgment proof sufficient where affidavit stated outstanding balance

---

[1] In his brief, Gooden also challenges Davis's statement that notice of acceleration was given; however, we note that Gooden waived any right to notice of acceleration under the terms of the guaranty agreement. *See Byrd*, 154 S.W.3d at 159 (rejecting guarantor's argument relating to notice where notice was waived under terms of guaranty agreement).

due and per diem amount at which interest continued to accrue); *Loomis v. Rep. Nat'l Bank of Dallas*, 653 S.W.2d 75, 78 (Tex. App.—Dallas 1983, writ ref'd n.r.e.) (same). Davis's affidavit in the instant case, therefore, was sufficient evidence to conclusively establish the amount due and owing.

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice